OPINION *Page 2 
{¶ 1} Defendant-Appellant Luke Reinhart appeals the judgment of the Van Wert County Common Pleas Court convicting him of two counts of aggravated vehicular homicide and sentencing him to an aggregate prison sentence of ten years. Reinhart claims he was wrongly convicted of aggravated vehicular homicide because the bill of information failed to charge him with that offense. For the reasons set forth herein, we reverse the trial court's judgment.
 {¶ 2} On September 3, 2005, at approximately 8:30 p.m., Kristian Amweg was operating a 2003 Pontiac Grand-Am GT westbound on Wren-Landeck Road when his vehicle was struck by a 1977 GMC Jimmy, which Reinhart had been operating northbound on Dull Robinson Road. The collision resulted in the deaths of Kristian and his wife, Jade Amweg, a passenger in the Grand-Am. Reinhart was seriously injured, and he was flown by life-flight to a Fort Wayne, Indiana hospital for treatment.
 {¶ 3} On February 8, 2006, the State of Ohio filed a bill of information, which charged Reinhart with causing the deaths of Kristian and Jade. As to Count One, the bill of information states:
 Luke Reinhart * * * did * * * violate Section 2903.06(A)(2)(a) of the Ohio Revised Code in that he did: On or about September 3, 2005, at Van Wert County, Ohio participate in the operation of a motor vehicle causing the death of another, Kristin [sic] D. Amweg in the following way: reckless operation of a motor *Page 3 vehicle. This is a charge of aggravated vehicular homicide, a felony of the THIRD degree and a violation of Ohio Revised Code Title 29, Section 2903.06(A)(2)(a).
 {¶ 4} The second count contains the same language, but names Jade Amweg as the victim. The court commenced a two-day jury trial on May 8, 2006, whereat the parties submitted Joint Exhibit 1 into evidence. Joint Exhibit 1 is an agreed judgment entry, setting forth the following stipulations:
 The parties hereby stipulate and the jury shall find as fact that at the time of impact that the [d]efendant's vehicle was traveling at 62 MPH in a northerly direction on Dull Robinson Road and the victims' vehicle was traveling at 41 MPH in a westerly direction on Wren-Landeck Road.
 There was no negligence on behalf of the victims in the cause of this accident.
 The cause of death of Jade and Kristian Amweg was as a result of the motor vehicle accident at the intersection of Dull-Robinson Road and Wren-Landeck Road.
(Trial Tr., Aug. 7, 2006, at Joint Ex. 1). The evidence was undisputed that Reinhart caused the collision, in part, by failing to stop at the stop sign. Therefore, the main issue for the jury's determination was whether Reinhart acted with the mens rea of recklessness.
 {¶ 5} To prove recklessness, the State presented evidence that Reinhart had operated his vehicle under the influence of alcohol. The State also implied that Reinhart was familiar with the intersection and the stop sign controlling his path of travel. The State supported this implication with evidence that Reinhart *Page 4 
was familiar with the local roads and traffic control devices because he had grown-up in the area, and he and his family lived a short distance from the intersection.
 {¶ 6} Reinhart's theory of defense was that he may have been negligent, but his actions did not rise to the level of recklessness. Reinhart introduced evidence that his slurred speech on the night of the collision was caused by the multiple injuries he sustained, and several witnesses testified they did not smell the odor of alcohol on his breath. He also produced evidence that he had been transporting bottles of beer, which broke during the collision. Reinhart argued that the odor of alcohol detected by several of the State's witnesses did not emanate from his breath but from beer that may have spilled onto his clothing when the bottles broke.
 {¶ 7} The jury found Reinhart guilty on both counts of aggravated vehicular homicide. On May 31, 2006, the trial court sentenced Reinhart to two five-year prison terms, to be served consecutively for an aggregate sentence of ten years. Reinhart appeals the judgment of conviction and sentence and asserts two assignments of error for our review.
 First Assignment of Error Appellant was wrongly convicted of aggravated vehicular homicide when the indictment actually charged him with vehicular manslaughter. *Page 5 
 Second Assignment of Error Because the instructions regarding the mental state of recklessness suggested that the facts of this case by necessity constituted recklessness, Appellant was denied a fair trial as guaranteed by the due process clauses of the United States and Ohio Constitutions.
 {¶ 8} In the first assignment of error, Reinhart challenges the sufficiency of the bill of information because it did not specify the element of recklessness. Reinhart argues he was charged with vehicular manslaughter under R.C. 2903.06(A)(4) because the information charged a predicate offense, reckless operation of a motor vehicle, a violation of R.C. 4511.20 and a minor misdemeanor. Reinhart argues that although the State charged the statute number and title for aggravated vehicular homicide, the bill of information is ambiguous and must be construed against the State. Reinhart contends he was prejudiced by the ambiguous bill of information because he was convicted of a more severe offense than the one charged.
 {¶ 9} In its brief, the State contends a charging instrument is sufficient if it notifies the defendant of the elements of the crime charged; if it "fairly informs the [d]efendant of what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions of the same offense." The State argues that the bill of information clearly charged Reinhart with aggravated vehicular homicide, including the element of recklessness. *Page 6 
 {¶ 10} The first issue we must determine is whether Reinhart waived his right to appeal the information by failing to challenge the error in the trial court. Without "a formal and sufficient accusation," trial courts have no jurisdiction to convict and sentence for a crime. 29 Ohio Jur. 3d Criminal Law § 2318, citing Taxis v. Oakwood (2nd Dist. 1935), 19 Ohio L. Abs. 498; Stewart v. State (1932), 41 Ohio App. 351,181 N.E. 111. If a formal accusation is filed by way of indictment, information, or complaint, the trial court will have jurisdiction, and any question as to the charging instrument is procedural. Orr v. Mack,83 Ohio St.3d 429, 430, 1998-Ohio-32, 700 N.E.2d 590, citing State ex rel. Beaucamp v.Lazaroff, 77 Ohio St.3d 237, 238, 1997-Ohio-277, 673 N.E.2d 1273. In this case, the State filed a formal bill of information against Reinhart, thus invoking the trial court's jurisdiction.
 {¶ 11} Once a formal charging instrument is filed, a defendant may challenge its sufficiency in two ways. If an indictment fails to charge any offense, it is "void and may be attacked on direct appeal or collaterally." (Emphasis added.). 29 Ohio Jur. 3d Criminal Law § 2412, citing State v. Saionz (1969), 23 Ohio App.2d 79, 261 N.E.2d 135. Otherwise, the defendant may challenge a charging instrument as being insufficient or vague. In such a case, the defendant must request a bill of particulars or risk waiving the challenge on appeal. Id., citingState v. Culp (1971), 32 Ohio App.2d 39, 288 N.E.2d 308. See alsoState v. *Page 7 Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, at ¶ 61, quoting Crim. R. 12(C), (H); citing State v. Williams (1977),51 Ohio St.2d 112, 364 N.E.2d 1364, State v. Brooks, 75 Ohio St.3d 148, 158,1996-Ohio-134, 661 N.E.2d 1030, State v. Mills (1992),62 Ohio St.3d 357, 362, 582 N.E.2d 972. Although Reinhart contends that the information is ambiguous as to which offense is charged, for the reasons set forth below, we hold that the information is void because it failed to charge any offense. Therefore, Reinhart has not waived the issue for appellate review. See Saionz; Culp, at 41 (omitting a material element of an offense, such as mens rea, is "so fundamental a defect or omission as to result in an affidavit (or indictment) which fails to allege an offense and which is not subject to amendment.").
 {¶ 12} "The adequacy of an indictment is a question of law, requiring a de novo review." State v. Hernon (Dec. 29, 1999), 9th Dist. No. 2933-M, unreported, citing State v. Smoot (July 18, 1997), 2nd Dist. No. 96-CA-107, unreported.
 {¶ 13} A reviewing court must examine only the face of thecharging instrument to determine its sufficiency. See generallyState v. Desote, 3rd Dist. Nos. 12-03-05 and 12-03-09, 2003-Ohio-6311, at ¶ 8, quoting State v. Patterson (1989), 63 Ohio App.3d 91, 95,577 N.E.2d 1165. Pursuant to Crim. R. 7(B), an indictment or information:
 may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The *Page 8 statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.
 {¶ 14} If the indictment "`"contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense[,]'" it will satisfy federal and state constitutional requirements." State v. Buehner,110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, at ¶ 9, quotingState v. Childs, 88 Ohio St.3d 558, 564-565, 2000-Ohio-425,728 N.E.2d 379, quoting Hamling v. United States (1974), 418 U.S. 87, 117-118, 94 S.Ct. 2887, 41 L.Ed.2d 590. "Generally, an indictment is sufficient if it recites the language of the relevant criminal statute. The indictment must also `state the numerical designation of the statute that the defendant is alleged to have violated.'" State v. Siferd,151 Ohio App.3d 103, 2002-Ohio-6801, 783 N.E.2d 591, at ¶ 22, citingChilds, at 199; quoting Crim. R. 7(B). However, numerical designation alone is not sufficient to give notice of the offense charged. State v.Herrmann (Sept. 28, 1994), 4th Dist. No. 93 CA 2185, unreported, citing Crim. R. 7(B).
 {¶ 15} In this case, the information cites the offense of "aggravated vehicular homicide" and the statute number of that offense, which provides, "[n]o person, while operating or participating in the operation of * * * a motor vehicle * *Page 9 
* * shall cause the death of another * * * in one of the following ways: Recklessly[.]" R.C. 2903.06(A)(2)(a). In both counts, the information tracks the statutory language up to the point of establishing mens rea, but neither count contains the essential element of recklessness required by R.C. 2903.06(A)(2)(a). Instead, the State replaced the phrase "recklessly" with the phrase "reckless operation of a motor vehicle."
 {¶ 16} Reinhart contends that "reckless operation of a motor vehicle" is a misdemeanor offense under R.C. 4511.20, and he interprets the information to charge him with vehicular manslaughter, a violation of R.C. 2903.06(A)(4). However, we cannot reach the conclusion urged by Reinhart.
 {¶ 17} The vehicular manslaughter statute states:
 [n]o person, while operating or participating in the operation of * * * a motor vehicle * * * shall cause the death of another * * * in any of the following ways * * * [a]s the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor.
R.C. 2903.06(A)(4). Essentially, to prove vehicular manslaughter, the State must charge a predicate offense. To properly do so, the State is not required to reproduce the elements of the predicate offense, but it must, at least, reference the statute number in the charging document.Buehner, at ¶ 11. In Buehner, the court stated:
 an indictment that tracks the language of the charged offense and identifies a predicate offense by reference to the statute *Page 10 number need not also include each element of the predicate offense in the indictment. The state's failure to list the elements of a predicate offense in the indictment in no way prevents the accused from receiving adequate notice of the charges against him.
Id.
 {¶ 18} In this case, the State did not properly charge a predicate offense because it cited neither the statute number nor the elements of a predicate offense. Furthermore, there is no single offense entitled "reckless operation of a motor vehicle." Sections R.C. 4511.20 through4511.203 of the Revised Code are collectively titled under the general heading "reckless operation of a motor vehicle." Any one of these offenses is a potential predicate offense applicable to charging R.C. 2903.06(A)(4). Based on these principles, we cannot hold that the information charged Reinhart with vehicular manslaughter under R.C. 2903.06(A)(4) due to the State's failure to charge a predicate offense.
 {¶ 19} The mens rea of "recklessness" is not synonymous with the phrase "reckless operation of a motor vehicle," and therefore, the bill of information fails to charge aggravated vehicular homicide. See generally State v. Daniels, 3rd Dist. No. 12-03-12, 2004-Ohio-2063
("Since recklessness is an essential element of the offense of child endangerment, it must be included in the bill of information for it to be a satisfactory charging document."). Likewise, the bill of information does not properly charge a predicate offense to support the charge of vehicular *Page 11 
manslaughter. The result is a bill of information that fails to charge any offense, and therefore, it is void. The first assignment of error is sustained.
 {¶ 20} Having sustained the first assignment of error, the second assignment of error is moot. The judgment of conviction and sentence entered by the Van Wert County Common Pleas Court is reversed.
Judgment reversed.
ROGERS, P.J., concurs separately. SHAW, J., dissents.
 (WALTERS, J., sitting by assignment in the Third AppellateDistrict.)