The STATE of Ohio, Appellee,

v.

MAISCH, Appellant.

</div>

[Cite as State v. Maisch, 173 Ohio App.3d 724, 2007-Ohio-6230.]

<div align="center">

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–07–14.

Decided Nov. 26, 2007.

</div>

Martin D. Burchfield, for appellee.

Michael A. Rumer and William F. Kluge, for appellant.

Rogers, Presiding Judge.

{¶ 1} Defendant–Appellant, Zachary D. Maisch, appeals the judgment of the Allen County Court of Common Pleas convicting him of importuning. On appeal, Maisch contends that the trial court erred in denying his motion to dismiss for violation of his speedy-trial rights, that the trial court erred when it sua sponte amended the amended bill of information, that the trial court erred when it denied his Civ.R. 29 motion for judgment of acquittal, and that the trial court erred in denying his motion to dismiss because the importuning statute is unconstitutional. Based on the following, we reverse the judgment of the trial court.

{¶ 2} On July 21, 2004, Lima police officers arrested Maisch, and contemporaneously, the state filed a complaint against him alleging one count of importuning in violation of R.C. 2907.07(D)(2), a felony of the fifth degree. Maisch was released on bond the same day.

{¶ 3} In December 2004, the trial court requested that a visiting judge be assigned to the case.

{¶ 4} In January 2005, the state filed a bill of information against Maisch alleging one count of importuning in violation of R.C. 2907.07(D)(2), a felony of the fifth degree. Maisch waived indictment and consented to prosecution by information.

{¶ 5} Subsequently, the state filed a formally amended bill of information stating:

> Maisch, did in this County violate Section 2907.07(D)(2) of the Ohio Revised Code in that he did: * * * On a period beginning May 10, 2004 through July 21, 2004 solicit another by means of a telecommunication device, as defined in section 2913.01 of the Ohio Revised Code, to engage in sexual activity with the said, when the offender was eighteen years of age or older and the other person was a law enforcement officer posing as a person who was thirteen but less than sixteen years of age, and the offender believed that the other person was over thirteen, but less than sixteen years of age, or was reckless in that regard.[1]

Thereafter, Maisch entered a plea of not guilty to the bill of information.

{¶ 6} In February 2005, Maisch filed a time waiver stating:

> Now comes the Defendant, Zachary Maisch, by and through his Attorney * * * and hereby waives his right to a speedy Trial, pursuant to Revised Code Sections 2945.71 et. seq., Defendant acknowledges that he must be brought to Trial within 90 days if incarcerated, and agrees to have the trial postponed beyond the said 90 day period to allow his counsel opportunity to prepare for trial.[2]

{¶ 7} In March 2005, Maisch moved to dismiss the case on the basis that R.C. 2907.07(D)(2) was unconstitutional. Subsequently, Maisch moved for a continuance of the motion hearing scheduled for April 5, 2005, which the trial court granted.

{¶ 8} In June 2005, the trial court overruled Maisch's motion to dismiss.

{¶ 9} In July 2005, Maisch moved for a continuance of the final pretrial hearing scheduled for August 25, 2005, which the trial court granted.

{¶ 10} In October 2005, Maisch filed an expanded request for discovery.

---

1. The bill of information was previously amended on January 11, 2005, to substitute the term "thirteen" for the term "twelve."

2. The waiver refers to a 90–day period for defendants held in jail in lieu of bail, instead of the 270–day period applicable to defendants released on bail.

{¶ 11} In January 2006, Maisch filed a motion to suppress a statement he made to the Lima Police in July 2004. Subsequently, the trial court vacated the January 2006 trial date, ordering that all pending motions be heard on that date instead.

{¶ 12} In July 2006, the trial court granted Maisch's motion to suppress.

{¶ 13} On September 27, 2006, Maisch filed a motion in limine to exclude certain evidence at trial.

{¶ 14} In October 2006, the trial court held a hearing on Maisch's motion in limine which continued into November.

{¶ 15} In November 2006, the trial court denied Maisch's motion in limine. Thereafter, Maisch waived his right to trial by jury and the case proceeded to a bench trial on November 14, 2006. Maisch made a pretrial motion for dismissal of the case on the basis that his constitutional and statutory speedy-trial rights had been violated, which the trial court denied.

{¶ 16} At trial, Officer Jeffery Kinkle of the Lima Police Department testified that from May 2004 through July 2004, he maintained a fictitious internet profile under the name "Sarah" as part of an internet-importuning sting operation, that the profile contained a photograph of a teenage girl, that the girl was designated to be 14 years old, and that the profile listed a screen name at which Sarah could be contacted. Further, Officer Kinkle testified that from May 2004 through July 2004, Maisch maintained an internet profile designating his age as 23, that Maisch initiated conversations with Sarah via the internet, that Maisch initiated solicitation of sexual activity with Sarah, that Maisch initiated meeting with Sarah in person for the purpose of engaging in sexual activity, that Maisch arranged to meet with Sarah at the Kewpee Restaurant in Lima, Ohio, on July 21, 2004, and that police officers arrested Maisch in the vicinity of that restaurant.

{¶ 17} At the close of the state's evidence, Maisch moved for judgment of acquittal pursuant to Crim.R. 29, arguing that the state produced no evidence on an essential element of the offense, which the trial court denied. Thereafter, at the close of all evidence, Maisch renewed his motion for judgment of acquittal pursuant to Crim.R. 29, and the following dialogue took place:

[MAISCH'S COUNSEL]:* * * I would ask that the Court turn to the amended Bill of Information in the file because the language which is included [in the statute] requires two basic things that the other person or the person, the law enforcement officer posing as a person 13 to 16, has to be posing as someone between those ages. And then there's a second requirement and it's not in the disjunctive, it's in the conjunctive, and it must be read together. And that says that *the essential element is that the offender is four or more years older than the age assumed by the law enforcement officer.* It requires that. It doesn't

say or the offender is four or more years older. It says and, and that must have been proven beyond a reasonable doubt.

THE COURT: The Court, in looking at that, doesn't see the language about four or more years older [in the Bill of Information].

\* \* \*

THE COURT: \* \* \* What you have here is just part of the statutory language missing from the Bill.

\* \* \*

THE COURT: Criminal Rule D(sic) provides that the Court may at any time before, during, or after a trial amend the information in respect to any defect. The Court would consider that the amended Bill has a defect in that it's missing some of the statutory language of 2907.07(D)(2), and would, therefore, amend the amended Bill of Indictment (sic) to add that language pursuant to Criminal Rule 7(D). \* \* \*

[MAISCH'S COUNSEL]: \* \* \* But in this case, jeopardy having attached in this matter from the time the first witness was sworn, I think that this, as an essential element, has prejudiced [Maisch] because the defect or variance in the information obviously overlooked during a time that the information or amended information was prepared, but no evidence having been presented, there still exists that gap in the evidence which shows no proof beyond a reasonable doubt. \* \* \* What proof is there that [Maisch] was. (sic) In fact, four years older?

\* \* \*

THE COURT: Well, that's your Rule 29 motion?

[MAISCH'S COUNSEL]: Yes.

THE COURT: That isn't objecting to the amendment of the Bill?

[MAISCH'S COUNSEL]: No. Well, what I'm saying kind of laps over into that, because \* \* \* here there is no evidence to show that particular element even if the Court adds that being four years or older.

(Emphasis added). Despite this dialogue, the record contains no journal entry reflecting the trial court's amendment to the bill of information.

{¶ 18} Subsequently, the trial court overruled Maisch's renewed Crim.R. 29 motion and convicted him of importuning.

{¶ 19} In January 2007, the trial court sentenced Maisch to 18 months of community control, ordered him to pay a $500 fine, and classified him as a sexually oriented offender.

{¶ 20} It is from this judgment that Maisch appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

The trial court erred in denying defendant's motion to dismiss prior to commencement of trial for the violation of defendant's statutory and constitutional speedy trial rights.

### Assignment of Error No. II

The trial court committed reversible error when it amended the amended bill of information at the close of all of the evidence upon its own motion to correct a defect in the bill of information.

### Assignment of Error No. III

The trial court erred in denying defendant's motion for judgment of acquittal pursuant to Crim R. 29 at the close of all the evidence.

### Assignment of Error No. IV

The trial court erred in denying defendant's motion to dismiss on the basis that R.C. § 2907.07(d)(2) is unconstitutional.

### Assignment of Error No. I

{¶ 21} In his first assignment of error, Maisch argues that the trial court erred when it denied his motion to dismiss the case prior to trial for violating his statutory and constitutional rights to a speedy trial. Specifically, Maisch asserts that he was not brought to trial within 270 days of his arrest and that the time waiver he filed was for a limited purpose. We disagree.

{¶ 22} "Our standard of review upon an appeal raising a speedy trial issue is to count the expired days as directed by R.C. 2945.71, et seq." *State v. King,* 3d Dist. No. 9–06–18, 2007-Ohio-335, 2007 WL 209990, ¶ 30, citing *State v. DePue* (1994), 96 Ohio App.3d 513, 516, 645 N.E.2d 745. If any ambiguity exists, this court will construe the record in the defendant's favor. *State v. King* at ¶ 30, citing *State v. Mays* (1996), 108 Ohio App.3d 598, 609, 671 N.E.2d 553.

{¶ 23} "Both the United States and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial." *State v. Masters,* 172 Ohio App.3d 666, 2007-Ohio-4229, 876 N.E.2d 1007, ¶ 9, citing *State v. Baker* (1997), 78 Ohio St.3d 108, 110, 676 N.E.2d 883. In addition, Ohio statutes set forth specific time requirements necessary for compliance with the speedy-trial guarantee. The applicable statutory speedy-trial provision, R.C. 2945.71(C)(2), provides that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest."

{¶ 24} Additionally, R.C. 2945.73(B) provides that "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Both R.C. 2945.71 and 2945.73 are mandatory, and strict compliance is required by the state. *King,* 2007-Ohio-335, 2007 WL 209990, at ¶ 32, citing *State v. Pudlock* (1975), 44 Ohio St.2d 104, 105, 73 O.O.2d 357, 338 N.E.2d 524. Therefore, when a criminal defendant shows that he was not brought to trial within the proper period, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute. *Masters,* 172 Ohio App.3d 666, 2007-Ohio-4229, 876 N.E.2d 1007, at ¶ 10, citing *State v. Butcher* (1986), 27 Ohio St.3d 28, 31, 27 OBR 445, 500 N.E.2d 1368.

{¶ 25} Time extensions are permitted in limited circumstances under R.C. 2945.72. Further, the Supreme Court of Ohio has held that "the accused may waive his constitutional right to a speedy trial, provided such waiver is knowingly and voluntarily made." *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, citing *Barker v. Wingo* (1972), 407 U.S. 514, 529, 92 S.Ct. 2182, 33 L.Ed.2d 101. "Where * * * a defendant files an 'express written waiver of unlimited duration,' the defendant is not entitled to a discharge for a violation of his right to a speedy trial 'unless the [defendant] files a formal written objection to any further continuances and makes a demand for trial, following which the state must bring him to trial within a reasonable time.'" *King,* 2007-Ohio-335, 2007 WL 209990, at ¶ 37, quoting *O'Brien,* 34 Ohio St.3d at 9, 516 N.E.2d 218.

{¶ 26} The statutory time period begins to run on the date the defendant is arrested; however, the date of arrest is not counted when computing the time period. *Masters,* 172 Ohio App.3d 666, 2007-Ohio-4229, 876 N.E.2d 1007, at ¶ 12, citing *State v. Stewart* (1998), 12th Dist. No. CA98–03–021, 1998 WL 640909.

{¶ 27} Here, Maisch was arrested on July 21, 2004, and thus, the relevant date for computing the speedy-trial period is July 22, 2004. Maisch's trial did not commence until November 14, 2006, well over the 270–day time limit imposed by R.C. 2945.71(C)(2). Thus, without an allowable exception under R.C. 2945.72 or a time waiver, Maisch's right to a speedy trial appears to have been violated.

{¶ 28} Maisch filed a time waiver on February 25, 2005, which was 219 days after his arrest (within the allowable 270–day period). Nevertheless, Maisch argues that the language of the waiver—"[Defendant] agrees to have the trial postponed beyond the said 90 day period to allow his counsel opportunity to prepare for trial"—is qualifying language that limits the duration of the waiver. However, we find that the language "to prepare for trial" does not set forth a specific period of duration of the waiver. Moreover, even if the waiver's duration was limited to the time period of Maisch's trial preparation, Maisch filed a motion

in limine as late as September 27, 2006, less than two months before the trial commenced, demonstrating that he was, at that point, still preparing for trial. Even further, Maisch filed various motions in March 2005, July 2005, October 2005, and January 2006—all of which toll the statutory time period. See R.C. 2945.72(E). Therefore, because the statutory time period had not expired prior to Maisch's time waiver and because he did not file written objections to further continuances or make a demand for trial, Maisch is not entitled to a discharge for violation of his speedy-trial rights.

{¶ 29} Accordingly, we overrule Maisch's first assignment of error.

### Assignment of Error No. II

{¶ 30} In his second assignment of error, Maisch argues that the trial court committed reversible error when it sua sponte amended the amended bill of information to correct a defect. Specifically, Maisch asserts that the trial court erred in amending the first amended bill of information because it changed the name or identity of the crime charged in violation of his due-process rights. Alternately, Maisch asserts that the first amended bill of information did not constitute an offense, giving him no notice of the required elements as required by due process.

{¶ 31} Crim.R. 7(D) provides:

The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.

{¶ 32} Additionally, R.C. 2907.07(D)(2) was amended May 7, 2002, to require that the offender be four or more years older than the age assumed by the police officer posing as the fictitious child:

No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:

\* \* \*

The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as

the person who is thirteen years of age or older but less than sixteen years of age.

R.C. 2907.07(D)(2).

 {¶ 33} Here, the trial court orally stated that it was amending the first amended bill of information pursuant to Crim.R. 7(D) to add the missing four-year-age-differential language, but failed to journalize its purported amendment. It is axiomatic that a court speaks only through its journal entries, and not through mere oral pronouncements. See *State ex rel. Indus. Comm. v. Day* (1940), 136 Ohio St. 477, 17 O.O. 86, 26 N.E.2d 1014, paragraph one of the syllabus. See also *State v. Hatfield,* 2d Dist. No. 2006 CA 16, 2006-Ohio-7090, 2006 WL 3849074. Consequently, we are bound to conclude that no amendment took place, because the trial court's journal entry reflects no such amendment. See *Cincinnati Concession Co. v. Rack* (1974), 67 O.O.2d 340, 322 N.E.2d 325, citing *Day.* Because no amendment was made at trial, Maisch's conviction was based on the first amended bill of information and we need not examine whether the trial court's purported amendment was in error.

 {¶ 34} If the charging instrument contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend and enables him to present an acquittal or conviction of the charge as a bar to future prosecutions for the same offense, it will satisfy federal and state constitutional requirements. *State v. Reinhart,* 3d Dist. No. 15–06–07, 2007-Ohio-2284, 2007 WL 1390653, at ¶ 14. Specifically, " 'an indictment or, in this case, an information must allege all elements of the crime intended * * *. * * * If an essential and material element identifying the offense is omitted from the information, it is insufficient to charge an offense.' " *State v. Daniels,* 3d Dist. No. 12–03–12, 2004-Ohio-2063, 2004 WL 877695, at ¶ 3, quoting *State v. Keplinger,* 12th Dist. No. CA2002–07–013, 2003-Ohio-3447, 2003 WL 21497117, at ¶ 7. See also *State v. Cimpritz* (1953), 158 Ohio St. 490, 49 O.O. 418, 110 N.E.2d 416; *State v. Strickler* (1983), 3d Dist. No. 3–82–17, 1983 WL 4520. Further, " 'A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding.' " *State v. Wozniak* (1961), 172 Ohio St. 517, 520, 18 O.O.2d 58, 178 N.E.2d 800, quoting *Cimpritz,* 158 Ohio St. at 490–491, 49 O.O. 418, 110 N.E.2d 416. Therefore, when a bill of information is invalid for failing to state an offense, an appellant's conviction based upon that bill of information must be reversed. *Reinhart,* 2007-Ohio-2284, 2007 WL 1390653, at ¶ 19. See also *Keplinger,* 2003-Ohio-3447, 2003 WL 21497117, at ¶ 13. However, because the defendant was never charged with an offense, "the defendant is not placed in jeopardy, and

another prosecution is not barred." *Keplinger*, 2003-Ohio-3447, 2003 WL 21497117, at ¶ 13, citing *State v. Buckley* (1986), 7th Dist. No. 83–C–52, 1986 WL 1748.

{¶ 35} Here, the amended bill of information omitted the language "and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age." We find that the requirement that the offender be four or more years older than the fictitious child is a material element of R.C. 2907.07(D)(2).

{¶ 36} Therefore, the bill of information failed to include all essential elements of the crime charged, and, accordingly, the bill of information was invalid for failing to state an offense. Consequently, because Maisch's conviction was based on an invalid bill of information, reversal of his conviction is required. However, because the trial court lacked jurisdiction to hear his case, Maisch was not placed in jeopardy.

{¶ 37} Accordingly, we sustain Maisch's second assignment of error.

*Assignment of Error No. III*

{¶ 38} In his third assignment of error, Maisch argues that the trial court erred when it denied his motion for judgment of acquittal pursuant to Crim.R. 29 at the close of all evidence. Specifically, Maisch reasserts that the trial court improperly amended the first amended bill of information and that the first amended bill of information did not constitute an offense. Alternately, Maisch asserts that even if the trial court properly amended the first amended bill of information, the state never presented evidence regarding the four-year-age-differential element. Our disposition of Maisch's second assignment of error renders Maisch's third assignment of error moot, and we decline to address it. App.R. 12(A)(1)(c).

*Assignment of Error No. IV*

{¶ 39} In his fourth assignment of error, Maisch argues that the trial court erred in denying his motion to dismiss on the basis that R.C. 2907.07(D)(2) is unconstitutional. Our disposition of Maisch's second assignment of error renders Maisch's fourth assignment of error moot, and we decline to address it. App.R. 12(A)(1)(c).

{¶ 40} Having found error prejudicial to the appellant herein, in the particulars assigned and argued in his second assignment of error, we reverse the judgment

of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

PRESTON and WILLAMOWSKI, JJ., concur.