OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Lance C. Cain, appeals the June 9, 2008 decision of the Mahoning County Court of Common Pleas that imposed a sentence of eleven years subsequent to accepting Cain's guilty plea to one count of Aggravated Robbery, in violation of R.C. 2911.01(A)(1); with a firearm specification pursuant to R.C. 2941.145(A); and one count of Felonious Assault, in violation of R.C. 2903.11(A)(2).
 {¶ 2} On appeal, Cain asserts that the indictment was structurally defective for failing to include the mens rea of recklessness to the element in R.C. 2911.01(A)(1) which requires that the defendant "either display the weapon, brandish it, indicate that the offender possesses it, or use it." Cain's argument is based on the reasoning used by the Ohio Supreme Court in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624,885 N.E.2d 917 (hereinafter Colon I).
 {¶ 3} By entering a guilty plea, Cain waived the right to contest any non-jurisdictional defects in his case prior to the plea, which would include the alleged defect in Cain's indictment. The circumstances of Cain's case do not merit the rare exceptional use of structural error analysis pursuant to Colon I. Thus, the decision of the trial court is affirmed.
 {¶ 4} On June 8, 2007, Cain was charged in the Juvenile Division of the Mahoning County Court of Common Pleas with the following offenses: Aggravated Robbery with gun specification, Felonious Assault with gun specification, and Having Weapons While Under Disability. Cain pleaded not guilty. Cain was transferred to the Mahoning County Jail on his eighteenth birthday, January 16, 2008. Cain agreed to be bound over to the General Division of the Mahoning County Court of Common Pleas, and the Juvenile Division relinquished jurisdiction on January 23, 2008.
 {¶ 5} On March 6, 2008, a Grand Jury issued an indictment charging Cain with one count of Aggravated Robbery, in violation of R.C. 2911.01(A)(1); with a firearm specification pursuant to R.C. 2941.145(A); and one count of Felonious Assault, in violation of R.C. 2903.11(A)(2); with a firearm specification pursuant to R.C. 2941.145(A). On March 18, 2008, Cain received the indictment, waived the reading thereof, and *Page 2 
entered a plea of not guilty.
 {¶ 6} On April 2, 2008, Cain entered a plea of guilty to Aggravated Robbery with a gun specification, and to Felonious Assault. Pursuant to plea negotiations, the State recommended four year concurrent sentences for each count and a three year mandatory sentence for the gun specification, for a total of seven years. The State moved to dismiss the additional gun specification for the Felonious Assault offense, which the trial court granted on April 2, 2008.
 {¶ 7} On May 16, 2008, a Grand Jury issued a superseding indictment, adding the word "knowingly" to both counts and to the gun specifications. This second indictment appears to have been nolled, and the June 4, 2008 sentencing hearing only addressed the original March 6, 2008 indictment. The sentencing court partially rejected the State's sentence recommendation, and imposed consecutive four year sentences for each count, along with the mandatory three year gun specification sentence, for a total of eleven years.
 {¶ 8} In his sole assignment of error, Cain asserts:
 {¶ 9} "Mr. Cain's indictment was defective as it failed to charge the culpable mental state that was required in order for the State to convict Mr. Cain for aggravated robbery."
 {¶ 10} Cain argues that the mens rea for R.C. 2911.01(A)(1) is recklessness, and that the failure to include "recklessness" in Cain's indictment constituted a structural error which cannot be waived by failure to object to the indictment.
 {¶ 11} In this case, Cain pleaded guilty to the offenses charged. Subsequent to a plea of guilty, an appellant may only challenge the voluntary, knowing and intelligent nature of his plea. State v.Spates, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351. A defendant's guilty plea waives most constitutional rights and most errors for purposes of appeal, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process" and the defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. *Page 3 
 {¶ 12} One exception to this standard of waiver, which Cain now argues, occurs when an indictment fails to charge an offense. Cain relies on Colon I, in support of his argument. The Ohio Supreme Court held in Colon I that "when an indictment fails to charge a means rea element of a crime," the error is a structural error that constitutes failure to charge an offense, and is not subject to waiver through entry of a guilty plea or failure to object. Colon I at syllabus. However, the Supreme Court noted in Colon I and in the subsequent reconsideration that "a defective-indictment case that does not result in multiple errors that are inextricably linked to the flawed indictment" is subject to a plain-error analysis, not a structural-error analysis. Colon I
at ¶ 23, State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749,893 N.E.2d 169, at ¶ 7 (Colon II). Colon I was further limited to the unique facts involved in the case. Colon II at ¶ 8.
 {¶ 13} The main distinguishing feature between this case and ColonI is that Cain pleaded guilty, and did not have a trial that involved multiple errors that were inextricably linked to his indictment. Thus, pursuant to the reasoning of Colon I and Colon II, structural error analysis is not appropriate for this case. The longstanding rules of waiver pursuant to guilty pleas continue to apply. By pleading guilty to aggravated robbery and felonious assault, Cain waived any alleged defect in the indictment for purposes of appeal.
 {¶ 14} Accordingly, Cain's sole assignment of error is meritless, and the judgment of the trial court is affirmed.
Vukovich, P.J., concurs.
Donofrio, J., concurs. *Page 1