[Cite as *State v. West*, 2009-Ohio-6160.]

IN THE COURT OF APPEALS
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO. 14-08-34

      v.

DONNIE LEE WEST,                   O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 08 CR 0016

Judgment Affirmed

Date of Decision:    November 23, 2009

APPEARANCES:

    *Alison Boggs*  for Appellant

    *Melissa A. Chase* for Appellee

Case No. 14-08-34

**PRESTON, P.J.**

**{¶1}** Defendant-appellant, Donnie Lee West ("West"), appeals the judgment of the Court of Common Pleas of Union County finding him guilty of one count of theft and one count of engaging in a pattern of corrupt activity. For the reasons set forth below, the judgment is affirmed.

**{¶2}** On February 14, 2008, West was indicted on one count of theft in violation of R.C. 2913.02(A)(3), (B)(2), a fifth degree felony, and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1), a second degree felony. (Doc. No. 1). West entered pleas of not guilty to both charges and the matter proceeded to trial on July 17, 2008. (Doc. Nos. 13, 64). The morning of trial, West changed his plea and entered guilty pleas to both counts. (Doc. No. 97). The trial court then sentenced West to eleven (11) months in prison for the theft and four (4) years in prison for the corrupt activity conviction. (Doc. No. 98). The sentences were ordered to be served consecutively. (Id.). West appeals from this conviction and raises the following assignments of error.[1]

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED WHEN IT ACCEPTED [WEST'S] GUILTY PLEA ON COUNT TWO OF THE INDICTMENT, AS THE INDICTMENT FAILED TO ALLEGE AN ELEMENT OF THE OFFENSE, THEREBY**

---

[1] Counsel for West filed a brief raising the first assignment of error. West then filed a supplemental brief raising the remaining assignments of error.

**MAKING THE INDICTMENT UNCONSTITUTIONAL BECAUSE IT FAILED TO CHARGE AN OFFENSE.**

**ASSIGNMENT OF ERROR NO. II**

**TRIAL COURT DID NOT HAVE ORIGINAL JURISDICTION PURSUANT TO ARTICLE IV, SECTION 4(B) TO ENTER JUDGMENT ON COUNT II OF [WEST'S] INDICTMENT.**

**ASSIGNMENT OF ERROR NO. III**

**[WEST'S] CONDUCT, PRIOR THEFT CONVICTIONS, IS NOT SUFFICIENT EVIDENCE OR PROOF OF FACT, THAT A VIOLATION OF OHIO'S RICO ACT LEGISLATION, CODIFIED AS R.C. 2923.32 HAD OCCURRED.**

**ASSIGNMENT OF ERROR NO. IV**

**THE TRIAL COURT ERRED WHEN IT ACCEPTED [WEST'S] GUILTY PLEA ON COUNT II OF THE INDICTMENT AS:  A) THE INDICTMENT OMITTED THE ELEMENTS TO CHARGE THE CRIME ALLEGED; AND B) WHEN THE FACTS OF [WEST'S] CONDUCT, EVEN WHEN PROVEN TRUE, DO NOT CONSTITUTE A VIOLATION OF THE ALLEGED OFFENSE.**

{¶3}  Since all of the assignments of error allege that the indictment did not sufficiently allege an offense, we will address them together.

{¶4}  West's indictment stated as follows concerning Count II[2]:

**Count II:  From on or about October 4, 2007 through on or about November 21, 2007, in a continuing course of criminal activity between Delaware County, Ohio; Union County, Ohio; and Pickaway County, Ohio, and [West] while employed by or associated with, any enterprise as defined in [R.C. 2923.31(C)],**

---

[2]  No error has been raised as to Count I.

**did conduct or participate in, directly or indirectly, the affairs of the corrupt activity; to wit: theft offenses which were violations of [R.C. 2913.02(A)] Theft, felonies of the fifth degree, and Receiving Stolen Property [R.C. 2913.51(A)] as set forth above in this Indictment, and Delaware County, Ohio Case No. 07CR-I-11-0659 and Pickaway County, Ohio Case Nos. 2007-CR-245 and 2007-CR-246 (Kathleen Marie West), and all in a total amount exceeding Five Hundred Dollars ($500.00). This constitutes the offense of Engaging in a Pattern of Corrupt Activity in violation of [R.C. 2923.32(A)(1),(B)(1)], a felony of the second degree.**

(Doc. No. 1). R.C. 2923.32(A)(1),(B)(1) states as follows.

**(A)(1) No person employed by, or associated with any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt.**
**\* \***

**(B)(1) Whoever violates this section is guilty of engaging in a pattern of corrupt activity.**

As this Court has recognized before:

**Felony defendants are guaranteed the right to an indictment setting forth the "nature and cause of the accusation" under Section 10, Article I of the Ohio Constitution. The Ohio Supreme Court has noted that "[t]he purpose of an indictment is twofold."** *State v. Sellards* **(1985), 17 Ohio St.3d 169, 170. First, the indictment affords the accused with adequate notice and an opportunity to defend against the allegations contained in the indictment. Id. Second, by identifying and defining the offense, the indictment enables an accused to defend against any future prosecutions for the same offense. Id. R.C. 2941.05 provides:**

**In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance a statement that the accused has committed some public offense**

> **therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, *or in any words sufficient to give the accused notice of the offense of which he is charged.***

*State v. Harrold*, 3d Dist. No. 13-2000-20, 2000-Ohio-1782, at \*2 (emphasis added). R.C. 2941.05 provides that the indictment "may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, *or in any words sufficient to give the accused notice of the offense of which he is charged.*" (Emphasis added).

{¶5} Count two of West's indictment mirrored, in large part, the language of the statute codifying the offense of engaging in a pattern of corrupt activity, R.C. 2923.32(A)(1). The only word that appears to be missing in the indictment's initial language is "pattern"; however, the indictment does allege "a continuing course of criminal activity" and "corrupt activity." (Doc. No. 1). Furthermore, the indictment provides that the aforementioned indicted charge "constitutes the offense of Engaging in a Pattern of Corrupt Activity in violation of Ohio Revised Code Section 2923.32(A)(1), (B)(1), a felony of the second degree." (Id.). The indictment, although not exactly written as provided by statute, is, at minimum, written in "*any words sufficient to give the accused notice of the offense of which he is charged.*" R.C. 2941.05. Furthermore, the indictment sub judice satisfies the

two main purposes of indictments—adequate notice and opportunity to defend; and protection from subsequent prosecution for the same offense. *Harrold*, 3d Dist. No. 13-2000-1782, at *3. Furthermore, the record herein demonstrates that West was aware that he was charged with engaging in a pattern of corrupt activity. Before West pled guilty, the trial court asked him:

> **THE COURT: Mr. West, do you understand then you would be withdrawing your former plea of not guilty and entering a plea of guilty to * * * count two the offense of engaging in a pattern of corrupt activity in violation of Ohio Revised Code Section 2923.32 A 1 B 1, a felony of the second degree.**
>
> **DEFENDANT: Yes, your Honor.**

(Jul. 17, 2008 Tr. at 6-7). Since the indictment language sufficiently provided West with adequate notice of the offense of which he was charged and protection from subsequent prosecution for the same offense, his argument lacks merit.

{¶6} Additionally, regardless of whether the indictment was defective, West's guilty plea waives any defects in the indictment. "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). Accordingly, "[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *State v. Kitzler*, 3d Dist. No. 16-02-06, 2002-Ohio-5253, ¶12, citing *State v. Barnett* (1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101, quoting *United State v. Broce* (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927. See

also, *McCarthy v. U.S.* (1969), 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418. Therefore "[a] criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *State v. Woods*, 3d Dist. No. 1-05-82, 2006-Ohio-2368, ¶14, quoting *State v. Spates* (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351, citing *Tollett v. Henderson* (1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. See, also, *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶73; *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶78; *Ross v. Auglaize Cty. Common Pleas Court* (1972), 30 Ohio St.2d 323, 285 N.E.2d 25; *State v. Gant*, 3d Dist. No. 1-08-22, 2008-Ohio-5406, ¶13 (*Colon* defect waived by guilty plea); *State v. McGinnis*, 3d Dist. No. 15-08-07, 2008-Ohio-5825, ¶26 (same); *State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶28 (same); *State v. Easter*, 2nd Dist. No. 22487, 2008-Ohio-6038, ¶¶26-28 (same); *State v. Haney*, 180 Ohio App.3d 554, 2009-Ohio-149, 906 N.E.2d 472, ¶18 (same); *State v. Smith*, 6th Dist. No. L-07-1346, 2009-Ohio-48, ¶10 (same); *State v. Cain*, 7th Dist. No. 08 MA 23, 2009-Ohio-1015, ¶¶11-13 (same); *State v. Hayden*, 8th Dist. No. 90474, 2008-Ohio-6279, ¶6 (same).

{¶7} Accordingly, West has waived any alleged defect in his indictment by pleading guilty to the substantive offense of engaging in a pattern of corrupt activity.

{¶8} For all these reasons, West's assignments of error are overruled.

*Judgment Affirmed*

**ROGERS, J., concur.**

**/jlr**

**WILLAMOWSKI, J., Concurring Separately.**

activity.

{¶9} I concur with the majority that the indictment is sufficient to provide notice of the offense charged. I also agree that under the line of cases cited by the majority, the doctrine of waiver due to a guilty plea may apply. However, I concur separately to note that there is another line of cases by the Ohio Supreme Court and this court holding that the subject matter jurisdiction may not be waived. See *State v. Wozniak* (1961), 172 Ohio St. 517, 178 N.E.2d 800; *State v. Wilson* (1995), 73 Ohio St.3d 40, 652 N.E.2d 196; *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992; *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Reinhardt*, 3d Dist. No. 15-06-07, 2007-Ohio-2284; and *State v. Maish*, 173 Ohio App.3d 724, 2007-Ohio-6230, 880

N.E.2d 153. This is an inconsistency in the law that should be addressed by the Ohio Supreme Court.