[Cite as *Mousa v. Saad*, 2017-Ohio-7116.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

EMAD YOUHANNA MOUSA,

    PLAINTIFF-APPELLANT/
    CROSS-APPELLEE,                   CASE NO. 9-16-43

    v.

ARLET MOUNIR ISHAK SAAD,

                                    O P I N I O N

    DEFENDANT-APPELLEE/
    CROSS-APPELLANT.

Appeal from Marion County Common Pleas Court
Family Division
Trial Court No. 14-DR-33

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

Date of Decision: August 7, 2017

APPEARANCES:

    *Paul Giorgianni and Karen L. Poling* **for Appellant**

    *J.C. Ratliff and Todd Anderson* **for Appellee**

**ZIMMERMAN, J.,**

{¶1} Plaintiff-Appellant/Cross-Appellee, Emad Youhanna Mousa ("Emad"), appeals the judgment of the Court of Common Pleas of Marion County, Family Division, granting him a divorce from the Defendant-Appellee/Cross Appellant Arlet Mounir Ishak Saad ("Arlet"). On appeal, Emad contends that the trial court erred in its determinations regarding whether certain assets were marital or nonmarital. Emad also argues that: the trial court issued a Decree insufficient to reconcile the division of the marital estate; the trial court issued an erroneous $400,000 distributive award to Arlet; and the trial court unconstitutionally placed restrictions on Emad's ability to distribute money and assets out of the country. In her cross-appeal, Arlet contends that the trial court erred by failing to equitably divide the parties' 2014 joint tax return. For the reasons that follow, the trial court's judgment is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

### *Facts and Procedural History*

{¶2} Emad and Arlet, both of whom were born and raised in Egypt, were married in Queens, New York on January 30, 2005. Two children were born as issue of their marriage. On February 19, 2014, Emad initiated the instant matter by filing a Complaint for Divorce versus Arlet. Arlet filed her Answer and a Counter-Claim for Divorce on March 6, 2014 and temporary orders of custody, child support,

and spousal support were issued to Arlet by the trial court on March 31, 2014 and May 1, 2014. (Doc. Nos. 21, 33).

{¶3} On July 22, 2014, Arlet filed a motion to compel discovery, which the trial court granted on July 24, 2014. Additionally, the trial court ordered Emad to comply with discovery and provide discovery (to Arlet) by August 21, 2014.

{¶4} On August 22, 2014, Arlet filed a motion for contempt, asserting that Emad: (1) refused to pay spousal support; (2) refused to pay the cost of the childrens' tuition; and (3) refused to pay for the lawn care expenses of the marital home, all of which were previously ordered by the trial court. On October 7, 2014, an Agreed Judgment Entry was filed with the trial court resolving the contempt action. However, Arlet filed a second Motion for Contempt on November 12, 2014, for Emad's failure to pay spousal support, and a Motion to Impose Sanctions for Emad's discovery non-compliance. On December 24, 2014 the trial court granted Arlet's motions, finding that Emad had not complied with discovery, had not paid his spousal support obligations, had not paid his children's tuition obligations, and had failed to pay certain bills related to the marital residence. (Doc. No. 62).

{¶5} On May 1, 2015, Arlet filed another Motion to Impose Sanctions versus Emad. The motion also requested that the trial court rule on Emad's failure to purge his previous contempt citation. On May 12, 2015 the trial court issued its Judgment Entry finding Emad in contempt and that he had failed to purge his prior contempt

findings. The trial court ordered Emad to serve twenty (20) days in jail, which was suspended on the condition that he pay Arlet's trial counsel two thousand dollars ($2,000) prior to May 15, 2015.

{¶6} On May 22, 2015, Arlet filed a motion to join a third party defendant in this case, Mousa Investments, LLC, which the trial court granted on May 27, 2016. Arlet filed an additional request to join a third-party defendant, Michael Mousa, Emad's brother, which the trial court granted on June 1, 2015. Ultimately, Arlet filed cross-claims against Mousa Investments, LLC and Michael Mousa.

{¶7} On June 9, 2015, Arlet filed a motion to compel Emad to permit her expert to value his business, OB/GYN Women's Health Center, LLC. Thereafter, on August 6, 2015, Arlet filed a motion to join OB/GYN Women's Health Center, LLC, as a party, which was granted by the trial court. Arlet then filed a cross-claim against OB/GYN Women's Health Center, LLC in the trial court and another contempt action (versus Emad) on August 12, 2015.

{¶8} On August 25, 2015, the trial court ordered Emad to: (1) provide discovery to defense counsel; (2) be physically present at OB/GYN Women's Health Center, LLC, on August 27, 2015 (to permit Arlet's expert to evaluate the business); and (3) pay the children's tuition each month in a timely manner.

{¶9} Nevertheless, Arlet filed her fifth motion for contempt (versus Emad) in the trial court on September 23, 2015.

{¶10} The parties divorce case proceeded to a contested hearing on October 20, 21, 22, 29, and 30, 2015, followed by written summations and closing arguments that were submitted to the trial court after the conclusion of the hearing.

{¶11} On November 18, 2015, Arlet filed her sixth motion for contempt versus Emad.

{¶12} On May 12, 2016, the trial court issued a Decree of Divorce, granting Emad and Arlet a divorce on the grounds of incompatibility. The trial court also awarded Arlet judgments against third party defendants, Mousa Investments, LLC, Michael Mousa, and OB/GYN Women's Health Center, LLC. However, the trial court issued an Amended Judgment Entry – Decree of Divorce on August 19, 2016, followed by a Second Amended Judgment Entry Decree of Divorce ("Decree"), which was filed on August 31, 2016. (Doc. Nos. 237, 238).

{¶13} From the trial court's Second Amended Decree Emad filed his appeal, asserting the following assignments of error:

**EMAD'S ASSIGNMENT OF ERROR NO. I**

**THE DECREE DOES NOT EXPLAIN THE DIVISION OF MARITAL PROPERTY WITH SPECIFICITY SUFFICIENT TO ALLOW APPELLATE REVIEW.**

**EMAD'S ASSIGNMENT OF ERROR NO. II**

**THE DECREE DOES NOT DIVIDE ALL OF THE MARITAL ASSETS AND DOES NOT DECLARE WHETHER SOME ASSETS ARE MARITAL OR NONMARITAL.**

**EMAD'S ASSIGNMENT OF ERROR NO. III**

**THE $400,000 AWARD UNDER R.C. 3105.171(E)(4)/(5) IS ILLEGITIMATE, BECAUSE THE DECREE FULLY "COMPENSATES" ARLET THROUGH THE PROPERTY DIVISION AND AWARD OF 100 PERCENT OF HER ATTORNEY FEES AND OTHER LITIGATION EXPENSES.**

**{¶14}** In addition to the aforementioned assignments of error, Emad presents the following *alternative* assignments of error under assignment of error three for review:

**EMAD'S ALTERNATIVE ASSIGNMENT OF ERROR NO. IV**

**THE DECREE FINDS THAT EMAD FAILED TO DISCLOSE ASSETS THAT HE DID DISCLOSE**

**EMAD'S ALTERNATIVE ASSIGNMENT OF ERROR NO. V**

**THE EVIDENCE DOES NOT SUPPORT THE TRIAL COURT'S DETERMINATION THAT CASH DEPOSITED INTO THE JPMORGAN [SIC] CHASE BANK ACCOUNTS OF EMAD'S PARENTS CONSTITUTED MARITAL PROPERTY THEREBY DISSIPATED.**

**EMAD'S ALTERNATIVE ASSIGNMENT OF ERROR NO. VI**

**THE TRIAL COURT RULED THAT EMAD DISSIPATED MARITAL ASSETS BY PURCHASING A MARITAL ASSET (3000 GOODING ROAD).**

**EMAD'S ALTERNATIVE ASSIGNMENT OF ERROR NO. VII**

**THE TRIAL COURT DOUBLE COUNTED TRANSACTIONS THAT THE COURT FOUND VIOLATED R.C. 3105.171(E)(4)/(5).**

**EMAD'S ALTERNATIVE ASSIGNMENT
OF ERROR NO. VIII
IF 3000 GOODING ROAD IS A MARITAL ASSET, THEN
EXPENDITURES MAINTAINING IT DO NOT CONSTITUTE
FINANCIAL MISCONDUCT.**

**EMAD'S ALTERNATIVE ASSIGNMENT OF ERROR NO. IX**

**THE DECREE DOES NOT EXPLAIN THE R.C.
3105.171(E)(4)/(5) AWARD WITH SPECIFICITY SUFFICIENT
TO ALLOW APPELLATE REVIEW.**

Lastly, Emad concludes his appeal with the following four assignments of error:

**EMAD'S ASSIGNMENT OF ERROR NO. X**

**THE TRIAL COURT ERRED TO THE EXTENT THE COURT
VALUED OB/GYN WOMEN'S HEALTH CENTER LLC AS A
FUNCTION OF THE COMPANY'S FUTURE EARNINGS AND
ALSO INCLUDED THOSE EARNINGS AS EMAD'S INCOME
FOR PURPOSES OF DETERMINING SPOUSAL SUPPORT.**

**EMAD'S ASSIGNMENT OF ERROR NO. XI**

**THE DECREE DOUBLE COUNTS THE VALUE OF THE
BANK ACCOUNTS OF OB/GYN WOMEN'S HEALTH
CENTER LLC.**

**EMAD'S ASSIGNMENT OF ERROR NO. XII**

**THE DECREE MIS-VALUES CHASE CHECKING ACCOUNT
#-780.**

**EMAD'S ASSIGNMENT OF ERROR NO. XIII**

**THE DECREE FOREVER FORBIDS EMAD FROM
"DISTRIBUT[ING] MONEY AND OTHER ASSETS OUT OF
THE COUNTRY OR TO FRIENDS AND RELATIVES.**

**{¶15}** Arlet, Appellee and Cross-Appellant herein, filed the following assignment of error for our review:

**ARLET'S CROSS-ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED WHEN IT FAILED TO DIVIDE THE PARTIES' 2014 JOINT TAX RETURN EQUITABLY BEFORE THE REFUND WAS AWARDED TO APPELLEE FOR CHILD AND SPOUSAL SUPPORT ARREARS.**

**{¶16}** For ease of analysis, we address some assignments together and out of order.

*Emad's Assignment of Error No. I*

**{¶17}** In his first assignment of error, Emad asserts that the Decree does not explain the division of marital property with sufficient specificity for appellate review. For the reasons set forth below, we agree.

*Standard of Review*

**{¶18}** In a divorce action, the trial court has broad discretion in the allocation of marital assets. *Neville v. Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, ¶ 5. Because the trial court has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion. *Id.* The term 'abuse of discretion' "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or is

-8-

grossly unsound." *Mackenbach v. Mackenbach,* 3rd Dist. Hardin No. 6-11-03, 2012-Ohio-311, ¶ 7.

*Analysis*

{¶19} "In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of 'during the marriage.'" R.C. 3105.171(G). "Pursuant to R.C. 3105.171(G), a trial court must indicate the basis for its division of marital property in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable, and in accordance with the law." *Williams v. Williams,* 2013-Ohio-3318, 996 N.E.2d 533, ¶ 55 (12th Dist.), citing *Kaechele v. Kaechele,* 35 Ohio St.3d 93, 97, 518 N.E.2d 1197 (1988). "'This requirement is especially important where the division results in an unequal distribution of property.'" *Id.,* quoting *Brown v. Brown,* 12th Dist. Madison No. CA2008-08-021, 2009-Ohio-2204, ¶ 32. "The requirements of the statute are satisfied when the reviewing court is able to ascertain the requisite information from the various portions of the record, including the trial court's decision." *Id.*

{¶20} In our review of the record, exhibits, and the Decree issued by the trial court, we cannot ascertain whether or not the trial court abused its discretion in its

division of marital assets.[1]  In our review of the marital estate as set forth in the Decree, we are unable to reconcile the trial court's $58,092 equalization award.  (*See* Doc. No. 238 at 29).  Further, we are also unable to reconcile the trial court's calculation that Emad failed to disclose (to Arlet) and diverted $590,270 in marital assets.  (*See id.* at 23).  Lastly, upon our calculation and review of the marital estate, we are unable to match the trial court's calculation that the parties' marital estate netted $1,272,588.  (*See id.*).

{¶21} We are cognizant that this divorce case was not typical, however, in order for us to address the merits of the appeal and cross appeal, we must analyze the trial court's process in reaching its totals.  "The only time a trial court need not make the written findings of fact required by R.C. 3105.171(G) is if it distributed the property according to the terms of a separation agreement entered into by the parties."  *Franklin v. Franklin,* 10th Dist. Franklin No. 11AP-713, 2012-Ohio-1814, ¶ 4.  "Furthermore, a trial court's failure to clearly indicate in its decision that the factors enumerated in R.C. 3105.171(F) were considered in making a division of marital property constitutes an abuse of discretion.  *Id.,* citing *Casper v. DeFrancisco,* 10th Dist. Franklin No. 01AP-604, 2002-Ohio-623, *4.

---

[1] Unfortunately, our appellate review is also made more difficult by the fact that the trial court transposes Plaintiff and Defendant throughout the Decree numerous times, and cites incorrect code sections as its statutory authority.

{¶22} Because the final divorce Decree does not sufficiently detail the trial court's process in calculating and dividing the marital estate pursuant to R.C. 3105.171(G), we must sustain Emad's Assignment of Error No. I and remand it for a clarifying entry.

*Emad's Assignment of Error No. II*

{¶23} In his second assignment of error Emad asserts that the Decree does not divide *all* of the marital assets and fails to identify whether certain assets are marital or nonmarital. Specifically, Emad asserts that: (1) the trial court failed to divide all of the parties' bank accounts; (2) the trial court failed to distribute the gold and silver to one spouse or the other; and (3) the trial court did not determine whether the transactions between Emad and his parents involved marital assets or separate property. However, Emad concedes (in his reply brief) that the trial court *did* divide the parties' bank accounts, and accordingly withdrew this portion of his second assignment of error.

*Standard of Review*

{¶24} "In divorce proceedings, the trial court must determine which property is marital and then divide that property in an equitable manner." *Dabis v. Dabis,* 3rd Dist. Mercer No. 10-97-17, 1998 WL 391938, *2; R.C. 3105.171(B). "The trial court must also divide the marital debt in a like manner." *Id.* An appellate court reviews the trial court's classification of property as marital or separate property

under a manifest weight of the evidence standard. *Brandon v. Brandon,* 3rd Dist. Mercer No. 10-08-13, 2009-Ohio-3818, ¶ 11 citing *Gibson v. Gibson,* 3rd Dist. Marion No. 9-07-06, 2007-Ohio-6965, ¶ 26 quoting *Eggeman v. Eggeman,* 3rd Dist. Auglaize No. 2-04-06, 2004-Ohio-6050, ¶ 14. "Accordingly, the trial court's judgment will not be reversed if the decision is supported by some competent, credible evidence." *Gibson, supra.* "In determining whether competent, credible evidence exists, '[a] reviewing court should be guided by a presumption that the findings of the trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, voice inflection, and use those observations in weighting the credibility of the testimony.' " *Id.*

**{¶25}** In regards to the division of property in a divorce, the trial court is granted broad discretion in determining how to award an equitable division according to the circumstances of each case before it, and therefore the division of property in a divorce action shall be reviewed under an abuse of discretion standard. *DeWitt v. DeWitt,* 3rd Dist. Marion No. 9-02-42, 2003-Ohio-851, ¶ 10. In determining whether the trial court's decision amounts to an abuse of discretion, it must be found that the court's attitude was unreasonable, arbitrary, or unconscionable. *Id.*

*Gold and Silver Argument*

**{¶26}** Emad contends that the trial court did not distribute the gold and silver in its Decree. (*See* Doc. No. 238 at 20). In response, Arlet contends that the trial court *did* divide the gold and silver, directing us to page 11 of the Decree which states as follows:

> The parties waived their right to have the household goods and furnishings appraised. The evidence indicates that the parties have, in their respective possession, the household goods and personal property they desire. The Court finds that each party shall keep the household furnishings and personal property in their possession free and clear of any claim by the other.

(*Id.* at 11).

**{¶27}** Arlet contends that since the trial court did not believe Emad's testimony that $25,104.30 of the gold and silver was in Arlet's possession at the marital residence, the trial court found such was in Emad's personal possession. And, by ordering that each party keep the "personal property" in their respective possession, the trial court awarded the gold and silver to Emad and divided the property accordingly. In other words, Arlet does not dispute that Emad should receive the gold and silver in the amount of $35,693.32. (*Id*. at 20).

**{¶28}** We agree with Arlet and find that the trial court awarded the gold and silver to Emad in its final decree by ordering that each party keep the "personal property" in their respective possession. Since Emad never disclosed the existence of the gold and silver (to Arlet) and because he purchased it during the marriage,

-13-

such gold and silver was in his "possession" for purposes of this argument. Thus, we find that the trial court awarded the gold and silver to Emad, free and clear of Arlet's claims in the "personal property" division of assets. Accordingly, we overrule Emad's gold and silver argument in his second assignment of error.

*Marital/Nonmarital Property Argument*

{¶29} Under this assignment, Emad further contends that the Decree fails to identify whether some assets are marital or nonmarital, and directs us to pages 17-19 of the Decree that details various financial transactions between Emad and his parents. After listing the transactions, (between Emad and his parents) the trial court determined that such amounted to financial misconduct pursuant to R.C. 3105.171(E). Emad argues that the trial court's finding (of misconduct) fails to identify whether these assets are marital or nonmarital property.

{¶30} In our review of the record, we cannot determine whether the trial court classified these transactional assets as marital or separate property. As such, we are unable to conduct the two-step analysis required when reviewing the classification and division of marital property under 3105.171(B) and (D). "It is axiomatic that a court speaks only through its journal entries." *State v. Maisch,* 173 Ohio App.3d 724, 2007-Ohio-6230, 880 N.E.2d 153, ¶ 33 (3rd Dist.). Furthermore, "a judgment entry too vague to be understood is unenforceable." *Geiss v. Geiss,* 5th Dist. Delaware No. 96CAFO5023, 1997 WL 34735640, *1.

**{¶31}** Accordingly, we are not able to determine the trial court's classification and division of these transactions and we sustain this portion of Emad's second assignment of error and remand this matter back to the trial court for the trial court to detail its classification of these transactions and their place in the property division.

*Emad's Assignment of Error No. III and Alternative*

*Assignments of Error IV - IX*

**{¶32}** In his third assignment of error, Emad contends that the trial court's $400,000 distributive award under R.C. 3105.171(E)(4)/(5) was illegitimate. Specifically, Emad argues that the trial court "penalized" him by issuing Arlet a financial award that was in addition to the division of property award and legal fees. Furthermore, Emad asserts that if the $400,000 award is found to be legitimate, the six "alternative" assignments of error must be addressed by this court. For the reasons that follow, we sustain this assignment for the limited purpose of clarifying the net marital estate calculation and moot those assignments of error identified as "alternative" assignments of error (Assignments IV – IX).

*Standard of Review*

**{¶33}** "A trial court's decision to compensate a spouse for the financial misconduct of the other spouse is reviewed under an abuse of discretion standard." *Eggeman,* 3rd Dist. Auglaize No. 2-04-06, 2004-Ohio-6050, ¶ 23. "'An abuse of

discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" *Id.* quoting *Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*Relevant Statute*

**{¶34}** At the heart of Emad's third assignment of error is R.C. 3105.171(E)(4) and (E)(5), which states:

> (E)(4) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
>
> (E)(5) If a spouse has substantially and willfully failed to disclose marital property, separate property, or other assets, debts, income, or expenses as required under division (E)(3) of this section, the court may compensate the offended spouse with a distributive award or with a greater award of marital property not to exceed three times the value of the marital property, separate property, or other assets, debts, income, or expenses that are not disclosed by the other spouse.

R.C. 3105.171(E)(4)/(5).

*Analysis*

**{¶35}** In its Decree, the trial court awarded Arlet $400,000, pursuant to R.C. 3105.171(E)(5) after finding that Emad committed multiple instances of financial misconduct. (Doc. No. 238 at 23). Further, the trial court determined that it considered Emad and Arlet's marital and separate property, including any other assets, debts, income and expenses, and determined that the net marital estate was

$1,272,588. (*Id.*). With such determination, the trial court found that one-third of the net estate was $419,954.00. (*Id.*). However, as we have determined in Emad's first assignment of error, we cannot reconcile the trial court's determination of the net marital estate from the information set forth in the Decree. Per R.C. 3105.171(E)(5), the trial court needs to determine the net marital estate and the total undisclosed and diverted assets before issuing a financial misconduct award. Because we are, on review, unable to determine how the trial court calculated the net marital estate and the total undisclosed and diverted assets, we are unable to review this assignment of error. Thus, as we have done above, we sustain this assignment for the limited purpose of remanding this to the trial court to re-issue its decree and clarify its distributive award. Accordingly, with our remand, Emad's fourth, fifth, sixth, seventh, eighth, and ninth alternative assignments of error are rendered moot.

### *Enad's Assignments of Error Nos. XI & XII*

{¶36} Since Emad's eleventh and twelfth assignments of error also involve the valuation of potential marital assets set forth in the final Decree, we moot those assignments of error as well. Specifically, as we are not able to ascertain how the trial court calculated the net marital estate, we cannot address whether the trial court double counted the value of OB/GYN Women's Health Center, LLC or mis-valued the chase checking account ending in #780.

*Arlet's Cross-Assignment of Error No. I*

**{¶37}** Finally, as we have sustained Emad's prior assignments of error relating to the classification and division of property, we also sustain Arlet's Cross Assignment of Error No. I, for the limited purpose of determining the classification and division of the parties' 2014 joint tax return.

*Emad's Assignment of Error No. X*

**{¶38}** In his tenth assignment of error, Emad asserts that the trial court erred to the extent that it valued OB/GYN Women's Health Center, LLC as a function of the company's future earnings and also included those earnings as Emad's income for purposes of spousal support. Specifically, Emad asserts that the trial court "double dipped" in its treatment of OB/GYN Women's Health Center, LLC for purposes of determining spousal support.

*Standard of Review*

**{¶39}** "'Spousal support' means any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or former spouse, that is both for sustenance and for support." *Heller v. Heller,* 195 Ohio App.3d 541, 2011-Ohio-5364, 960 N.E.2d 1055, ¶ 19 (10th Dist.) quoting R.C. 3105.18(A). "A trial court has broad discretion to determine the proper amount of spousal support based on the particular facts and circumstances of each case. *Id.*

citing *Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). "A reviewing court cannot substitute its judgment for that of the trial court absent an abuse of discretion." *Id.*

*Relevant Statute*

**{¶40}** R.C. 3105.18 governs spousal support in Ohio. It states, in pertinent part:

> (A) As used in this section, "spousal support" means any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or a former spouse, that is both for sustenance and for support of the spouse or former spouse. "Spousal support" does not include any payment made to a spouse or former spouse, or to a third party for the benefit of a spouse or former spouse, that is made as part of a division or distribution of property or a distributive award under section 3105.171 of the Revised Code.
>
> (B) In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party. During the pendency of any divorce, or legal separation proceeding, the court may award reasonable temporary spousal support to either party. An award of spousal support may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, from future income or otherwise, as the court considers equitable. Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise.
>
> (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

(2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.

R.C. 3105.18(A)-(C).

*Analysis*

**{¶41}** In our review of the record, we cannot determine whether the trial court's spousal support was "appropriate and reasonable" because we are not able to reconcile the trial court's valuation of the marital estate. R.C. 3105.18(B). *See Honingford v. Honingford,* 3rd Dist. Allen No. 1-86-53, 1988 WL 81366, *3 ("In allocating property between the parties to a divorce and making an award of sustenance alimony [spousal support], the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law"). In its Decree, even though the trial court reviews the spousal support factors under R.C. 3105.18(B), we cannot determine if the spousal support award is reasonable without greater detail regarding the assets, debts, income, and relative earning abilities of the parties. (*See* Doc. No. 238 at 7-10).

**{¶42}** Despite the fact that Arlet introduced expert testimony of the value of OB/GYN Women's Health Center, LLC business, the final Decree is silent as to the business's value. (*See* 10/22/2015 Tr., Vol. III, at 878-79; Def. Ex. ZZ. Arlet's expert witness, Bryan C. Daulton, valued Emad's OB/GYN Women's Health Center, LLC at $145,000 and submitted his valuation report to the trial court indicating the same.) Further, the Decree is also silent as to whether the trial court

chose a different valuation of the business despite the lack of expert testimony to the contrary. Thus, we cannot address this assignment of error without clearer information from the trial court.

**{¶43}** Accordingly, we sustain Emad's tenth assignment of error but take no position on Emad's argument related to "double dipping" and/or whether the award was appropriate and reasonable. Consistent with our decision in the above assignments of error, our remand of this matter is solely for the trial court to clarify its decree in a manner for us to conduct our appellate review.

### *Emad's Assignment of Error No. XIII*

**{¶44}** In his thirteenth assignment of error, Emad asserts that the Decree bans him from "distribut[ing] money and other assets out of the Country or to friends and relatives" forever. Specifically, Emad asserts that the trial court effectively placed a lifetime ban on his ability to distribute his assets, in violation of his federal and state constitutional guarantees. We disagree.

**{¶45}** As an initial matter, we find that Emad, in presenting this assignment of error to the Court, misinterprets the trial court's final decree on this issue. Specifically, the trial court order at issue states as follows: "It is further **ORDERED** that Plaintiff shall not distribute money and other assets out of the Country or to friends and relatives *except as Ordered herein*." *Emphasis added.* (Doc. No. 238 at 30). Emad's presentation of this assignment of error does not comply with the

Ohio Rules of Appellate Procedure. App.R. 16(A)(7) states: "(A) Brief of the Appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following: [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, *and* parts of the record on which appellant relies. The argument may be preceded by a summary." Emphasis added. App.R. 16(A)(7).

{¶46} While Emad directs this Court to constitutional provisions and the portion of the Decree containing the alleged error, Emad directs this Court to absolutely no legal authority to support his argument. "The law is clear that '[a]n appellant must demonstrate each assigned error through an argument supported by citations to legal authority and facts in the record.'" *Home S. & L. Co. of Youngstown v. Avery Place, L.L.C.,* 10th Dist. Franklin Nos. 11AP-1152, 11AP-1153, 2012-Ohio-6255, ¶ 12 quoting *Ford Motor Credit Co. v. Ryan,* 189 Ohio App.3d 560, 2010-Ohio-4601, 939 N.E.2d 891, ¶ 23 (10th Dist.), citing App.R. 16(A)(7). Furthermore, "'[i]f an appellant neglects to advance such an argument, a court of appeals may disregard the assignment of error.'" *Id.,* quoting *Ford Motor* at ¶ 23, citing App.R. 12(A)(2). Because Emad directs this court to no legal authority to support this assignment, we accordingly overrule this assignment of error.

{¶47} Having reviewed the arguments, the briefs, and the record in this case, we find error prejudicial to Appellant in the particulars assigned and argued. We sustain Emad's first, second, third, and tenth assignments of error, only to the extent for this matter to be remanded to the trial court for it to clarify its Decree with a better understanding of the classification of assets, division of property, distributive award, and award of spousal support. Further, we overrule Emad's thirteenth assignment of error, and moot Emad's third, fourth, fifth, sixth, seventh, eighth, ninth, eleventh, and twelfth assignments of error. We also sustain Arlet's cross-assignment of error for the limited purpose of determining the classification and division of the parties' 2014 joint tax return, contingent upon our stated instructions.

{¶48} The judgment of the Court of Common Pleas of Marion County, Family Division is therefore affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part, and*
*Cause Remanded*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**