[Cite as *Mousa v. Saad*, 2019-Ohio-4406.]

**IN THE COURT OF APPEALS OF OHIO**
**THIRD APPELLATE DISTRICT**
**MARION COUNTY**

EMAD YOUHANNA MOUSA,

    PLAINTIFF-APPELLANT,                  CASE NO. 9-19-33

    v.

ARLET MOUNIR ISHAK SAAD,            O P I N I O N

    DEFENDANT-APPELLEE.

---

**Appeal from Marion County Common Pleas Court**
**Trial Court No. 14-DR-0033**

**Judgment Affirmed**

**Date of Decision:   October 28, 2019**

---

**APPEARANCES:**

    *Paul Giorgianni* **for Appellant**

    *Todd A. Anderson and Jeff Ratliff* **for Appellee**

**SHAW, J.**

{¶1} Plaintiff-appellant, Emad Youhanna Mousa ("Emad"), appeals the April 29, 2019 Judgment Entry-Divorce Decree issued by the Marion County Court of Common Pleas, Family Division. On appeal, Emad challenges the trial court's award of $400,000 pursuant to R.C. 3105.171(E)(5) to defendant-appellee, Arlet Mounir Ishak Saad ("Arlet"), for Emad's substantial and willful failure to disclose assets during the divorce proceedings.

{¶2} This case has previously been remanded twice to the trial court for correction and clarification of multiple issues related to the parties' property distribution pertaining to the divorce. *See Mousa v. Saad*, 3d Dist. Marion No. 9-16-43, 2017-Ohio-7116 ("*Mousa I*"); *Mousa v. Saad*, 3d Dist. Marion No. 9-18-12, 2019-Ohio-742 ("*Mousa II*").[1] In *Mousa II*, we concluded that the trial court erroneously included funds Emad had dissipated prior to and in anticipation of filing the divorce complaint when it calculated the total funds resulting from Emad's non-disclosure under R.C. 3105.171(E)(3),(5). As a result, we specifically remanded the case to the trial court to "determine the value of the funds that [Emad] willfully failed to disclose in violation of R.C. 3105.171(E)(3) and the value of the funds that [Emad] dissipated in violation of R.C. 3105.171(E)(4)" before calculating an award under R.C. 3105.171(E)(5). *Mousa II*, *supra*, at ¶ 33.

---

[1] Due to the limited nature of the issue raised in this appeal, we find it unnecessary to recount the entire case history which is set forth in detail in *Mousa I* and *Mousa II*.

{¶3} Upon the second remand, the trial court issued a Divorce Decree thoroughly setting forth its rationale to support its findings that Emad willfully and deliberately failed to disclose $523,096.80 in marital assets in violation R.C. 3105.171(E)(3) and that he also engaged in financial misconduct when he fraudulently disposed of $268,551.98 under R.C. 3105.171(E)(4). (Doc. No. 321 at 37-47). The trial court again awarded Arlet $400,000 for Emad's substantial and willful failure to disclose the $523,096.80 in marital assets. *See* R.C. 3105.171 (E)(3), (E)(5).

{¶4} Emad appealed the trial court's Divorce Decree, raising the following assignment of error for our review.

> **THE TRIAL COURT ORDERED EMAD TO PAY AN AWARD PURSUANT TO R.C. 3105.171(E)(4)/(5) THAT IS SOLELY PUNITIVE. (JUDGMENT ENTRY—DECREE OF DIVORCE 47 (APRIL 29, 2019).)**

{¶5} Initially, it is important to note that Emad does appear to not dispute the trial court's findings that he committed financial misconduct by dissipating $268,551.98 prior to the filing of the divorce complaint or that he willfully and substantially failed to disclose $523,096.80 during the divorce proceedings.[2] Rather, the gravamen of Emad's appeal focuses on his assertion that the trial court's

---

[2] Even assuming arguendo that Emad did explicitly challenge these findings, we find they are supported by the evidence before the trial court based upon our review of the record.

award of $400,000 to Arlet pursuant to R.C. 3105.171(E)(5) is solely punitive rather

than compensatory in nature, which Emad contends is not permitted by the statute.

*Legal Standard*

**{¶6}** R.C. 3105.171 governs the trial court's authority to divide property

subject to a divorce proceeding. Specifically at issue in this case are the provisions

of R.C. 3105.171(E) which permit the trial court to make a distributive award in a

divorce proceeding.

> **(E)(1) The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property. The court may require any distributive award to be secured by a lien on the payor's specific marital property or separate property.**
>
> **(2) The court may make a distributive award in lieu of a division of marital property *in order to achieve equity* between the spouses, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome.**
>
> **(3) The court shall *require each spouse to disclose* in a full and complete manner all marital property, separate property, and other assets, debts, income, and expenses of the spouse.**
>
> **(4) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.**
>
> **(5) If a spouse has *substantially and willfully failed to disclose* marital property, separate property, or other assets, debts, income, or expenses as required under division (E)(3) of this section, *the court may compensate the offended spouse with a distributive award or with a greater award of marital property not to exceed three times the value of the marital property, separate***

-4-

***property, or other assets, debts, income, or expenses that are not
disclosed by the other spouse.***

(Emphasis added).

**{¶7}** R.C. 3105.171(E)(3) imposes a duty upon the parties to a divorce "to disclose in a full and complete manner all marital property, separate property, and other assets, debts, income, and expenses of the spouse." R.C. 3105.171(E)(4) authorizes a trial court to make a distributive or greater award of marital property to one spouse upon a finding that the other spouse "has engaged in financial misconduct, including but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets." Similarly, R.C. 3105.171(E)(5) provides for compensation if a spouse has substantially and willfully failed to disclose marital property, separate property, assets, expenses, income, or debt.

**{¶8}** Despite Emad's characterization on appeal, the trial court clearly articulated in the decree that the $400,000 was distributed to Arlet to compensate her for Emad's willful non-disclosure of $523,096.80 of marital assets during the divorce proceedings pursuant to R.C. 3105.171(E)(5). The trial court identified the seven assets comprising the $523,096.80 in its judgment entry.

**{¶9}** As previously discussed, R.C. 3105.171(E)(5) permits the trial court to "compensate the offended spouse with a distributive award or with a greater award of marital property not to exceed three times the value of the marital property, separate property, or other assets, debts, income, or expenses that are not disclosed

by the other spouse," which in this case would be $1,596,290.40 ($523,096.80 x 3). Clearly, the trial court's distributive award of $400,000 is well within the parameters of the authority conferred to it by R.C. 3105.171(E)(5).

{¶10} Emad attempts to confuse the issue on appeal by asserting that the trial court's award in this case is "punitive" rather than "compensatory" as provided by the statute. In particular, Emad appears to argue that a distributive award under R.C. 3105.171(E)(5) is intrinsically punitive if it exceeds the amount of expenses, i.e., attorney and investigative fees, incurred by the offended spouse in unearthing the hidden assets.[3] However, we are not persuaded by Emad's proposition as his interpretation of the statute is wholly inconsistent the plain language of R.C. 3105.171(E)(5). Rather, it is clear from the specific terms used by the General Assembly in drafting the statute that it intended to accord broad discretion to a court in formulating an equitable, compensatory award based on the facts and circumstances of the case to a spouse who has been aggrieved by the willful and substantial non-disclosure and dereliction of the other spouse's statutory duty under R.C. 3105.171(E)(3) so long as that compensation does not exceed three times the value of the undisclosed assets.

---

[3] In this instance, the trial court granted Arlet's motion requesting Emad to pay her partial attorney fees of $32,000. The trial court also ordered Emad to pay Arlet half of the fees for the expert witness who traced the undisclosed assets and the litigation expenses for the subpoenas in the amount of $6,691.66.

{¶11} Moreover, the case authority cited by Emad in his brief does not endorse his stance on appeal. Emad heavily relies on two cases from this Court to bolster his position. In *Walker v. Walker*, this Court reversed a trial court's distributive award premised upon the husband's dissipation of assets prior to the initiation of the divorce which constituted financial misconduct under R.C. 3105.171(E)(4) because the trial court had erroneously applied the remedy in R.C. 3105.171(E)(5) by ordering a distributive award to the wife in the amount of three times the value of the dissipated assets. *Walker v. Walker*, 3d Dist. Marion No. 9-12-15, 2013-Ohio-1496, ¶ 32. We concluded that because the assets were no longer owned by either party, there was no duty to disclose them under R.C. 3105.171(E)(3) and therefore the trial court could not apply the remedy under R.C. 3105.171(E)(5). *Id.* Nevertheless, we also concluded that the husband's disposal of the assets constituted financial misconduct under R.C. 3105.171(E)(4), which provides for a separate remedy and we "remanded the matter to the trial court to determine an appropriate award pursuant to R.C. 3105.171(E)(4)." *Id.* at ¶ 34.

{¶12} Here, the trial court made a clear distinction between the assets dissipated as the result of Emad's financial misconduct under R.C. 3105.171(E)(4) and the assets Emad substantially and willfully failed to disclose under R.C. 3105.171(E)(3),(5). Moreover, the record demonstrates that the trial court appropriately applied these statutes when fashioning its distributive awards.

**{¶13}** Emad also relies upon *Eggeman v. Eggeman* for the proposition that R.C. 3105.171(E)(4) "may only compensate the aggrieved spouse and may not punish the offending spouse." (Appt. Brief at 6, citing *Eggeman v. Eggeman*, 3d Dist. Auglaize No. 2-04-06, 2004-Ohio-6050, ¶ 4, 22). Notwithstanding the fact that *Eggeman* was decided prior to the enactment of R.C. 3105.171(E)(5) and is therefore not instructive on the trial court's authority under that subsection, we do not disagree with the general premise put forth by Emad regarding R.C. 3105.171(E)(4). However, we do not find it dispositive of the issue at hand.

**{¶14}** In sum, we find no error in the trial court's decision to order a distributive award of $400,000 to compensate Arlet for Emad's substantial and willful failure to disclose $523,096.80 of marital assets during the divorce proceedings. The trial court's award is clearly permissible under the authority conferred to it under R.C. 3105.171(E)(5), and there is nothing in the record to indicate that the trial court's decision in this regard was otherwise inequitable. Accordingly, we overrule the assignment of error.

**{¶15}** Based on the foregoing, we overrule the assignment of error and affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/jlr**