[Cite as *Adams v. June*, 2021-Ohio-168.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

BRETT L. ADAMS,

    PLAINTIFF-APPELLANT,

    v.

LINDA JUNE,

    DEFENDANT-APPELLEE.

CASE NO. 12-20-04

O P I N I O N

Appeal from Putnam County Municipal Court
Trial Court No. 2019 SC I 00029

Judgment Affirmed

Date of Decision:  January 25, 2021

APPEARANCES:

    *Brett L. Adams,* Appellant

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant Brett L. Adams ("Adams") appeals the judgment of the Small Claims Division of the Putnam County Municipal Court ("the trial court"), alleging several errors with the trial court's decision. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On December 9, 2019, Adams filed a complaint in small claims court, alleging that Linda June ("June") had hired him to perform several projects for her and had failed to fully compensate him for this work. Doc. 1. He alleged that June had paid him for a portion of his work but still owed him $2,259.64. Doc. 1. On January 14, 2020, June filed a counterclaim. Doc. 4. She asserted that Adams was "relieved of his duties [on] October 21, 2019 due to unfinished, unsatisfactory * * * work * * *." Doc. 4. June then alleged that Adams owed her $2,239.88 for services she provided to him and for his unfinished work. Doc. 4. She also alleged that Adams had hired her son to work for him. Doc. 4.

{¶3} The trial was scheduled for January 22, 2020. Doc. 2, 5. At trial, Adams testified on his own behalf. Doc. 9. June then presented the trial court with sixteen pictures of the work that Adams had performed for her and called a witness to testify on her behalf. Ex. 1-16. Doc. 9. After hearing the evidence, the trial court found that Adams performed several projects for June for an agreed upon price of $3,040.00. Doc. 9. The trial court then found that Adams had performed additional

work for June but that the parties had not agreed on a price to be paid for this additional work. Doc. 9.

{¶4} The trial court then concluded that Adams had not demonstrated that June was liable to him for the additional work that he had performed and had not established the value of this additional work. Doc. 9. Finding that June had already paid Adams $3,110.00, the trial court determined that Adams was not entitled to further compensation. Doc. 9. The trial court also concluded that June did not prove her counterclaim. Doc. 9. Accordingly, the trial court determined that neither party owed the other party any amount of money and ordered each party to pay the costs of their respective claims. Doc. 9.

{¶5} The appellant filed his notice of appeal on February 21, 2020. On appeal, Adams raises the following four assignments of error:

### First Assignment of Error

**[Adams w]as not notified until day of Court [that] Linda June had brought witnesses to court with her.**

### Second Assignment of Error

**[Adams w]as not shown the photos submitted to judge at hearing by Linda June.**

### Third Assignment of Error

**[The] Judge allowed Linda June-Appellee to state [that] I, Brett L. Adams, had hired her son to work for me.**

## Fourth Assignment of Error

**[The] Judge failed to award me, Brett L. Adams, my pay for all jobs done.**

*First Assignment of Error*

{¶6} Adams asserts that the trial court erred in allowing June to call witnesses whose names had not been previously disclosed to Adams.

Legal Standard

{¶7} Discovery is the process by which the parties disclose information, including many of the evidentiary materials or witnesses that the parties intend to use at trial. *See* Black's Law Dictionary (11th ed. 2019). However, "[d]iscovery in small claims court is not a matter of right and it is not governed by the same formal rules that apply to common pleas court." *Video Discovery, Inc. v. Passov*, 8th Dist. Cuyahoga No. 86445, 2006-Ohio-1070, ¶ 23. This is because small claims court exists to allow individuals the opportunity to have "an informal, inexpensive and expedited procedure without the usual delays engendered by * * * elaborate discovery." *O'Connor v. Moore*, 4th Dist. Adams No. 92-CA-525, 1993 WL 63453, *4 (Mar. 2, 1993). *See* Civ.R. 1(C)(4); R.C. 1925.09.

{¶8} Further, the Ohio Rules of Appellate Procedure govern the appeals process. App.R. 1(A). Appellate Rule 16(A)(7) requires an appellant to cite to legal authorities that that support his or her arguments. App.R. 16(A)(7). On appeal, an appellant has the responsibility to prove that the trial court committed an error.

*Shumate v. City of Gahanna*, 10th Dist. Franklin No. 02AP-881, 2003-Ohio-1329, ¶ 6. The appellant cannot prove the trial court erred by "merely setting forth conclusory statements" that claim the trial court erred. *In re B.P.*, 9th Dist. Lorain No. 14CA010531, 2015-Ohio-48, ¶ 10, citing App.R. 16(A)(7). Instead, the appellant needs to cite to legal authorities that demonstrate that the trial court committed an error. App.R. 16(A)(7).

### Legal Analysis

{¶9} In this case, Adams asserts that the trial court erred by allowing June to call a witness that she did not disclose to Adams before the trial. Doc. 9. However, Adams has not identified any legal rule that governs small claims court and indicates that the trial court erred by allowing this witness to testify. *See* App.R. 16(A)(7). For this reason, he has not carried the burden of proving that the trial court committed an error in this regard. *See Haldy v. Hoeffel*, 3d Dist. Henry No. 7-19-08, 2020-Ohio-975, ¶ 36, citing App.R. 12(A)(2). As a consequence, the first assignment of error is overruled.

### *Second Assignment of Error*

{¶10} Adams argues that the trial court erred by not allowing him to see the photos that were submitted to the trial court by June.

### Legal Standard

{¶11} Under Appellate Rule 9(B), the appellant must "provide the [court of appeals] with transcripts of the proceedings that are necessary to review the merits

-5-

of [the] appeal." *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-4546, ¶ 8, citing App.R. 9(B). The reason for this rule is that a court of appeals, in many cases, needs to review "a trial transcript to verify whether" the trial court committed the error that has been alleged by the appellant. *Woodrum v. Wheel's Outpost Motor Sales*, 6th Dist. Wood No. WD-86-46, 1987 WL 7065, *2 (Feb. 27, 1987).

{¶12} A court of appeals "will not guess at * * * claims on appeal." *State v. Stevenson*, 9th Dist. Summit No. 24408, 2009-Ohio-2455, ¶ 21. For this reason, if an appellant has not filed a transcript that is needed to verify whether the trial court committed the alleged error, a courts of appeals is to presume that the trial court acted properly. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E. 384, 385 (1980). Thus, when such a situation arises, the court of appeals "has no choice but to * * * affirm" the decision of the trial court on that issue. *Id*.

Legal Analysis

{¶13} Adams asserts that the trial court did not allow him to view the pictures submitted by June as exhibits at trial. However, to prevail in this appeal, Adams must do more than claim that the trial court erred. As the appellant, Adams has the responsibility to prove that the trial court committed an error. *See Knapp* at 199 (holding that "an appellant bears the burden of showing error by reference to matters in the record."). To prove this alleged error in this case, Adams needed to provide us with a trial transcript so that we could verify that the trial court failed to allow Adams to see these exhibits. *See* App.R. 12(A)(2); App.R. 16(A)(7).

{¶14} However, Adams did not provide us with a copy of the trial transcript.[1] In the absence of this transcript, Adams has not proven the trial court committed this error. We cannot reverse a decision of the trial court without some proof that an error occurred. *See Knapp, supra*, at 199. Since we cannot verify this error from the trial transcript, we "ha[ve] no choice" but to conclude that this assignment of error does not provide grounds to reverse the judgment of the trial court. *Id.* The second assignment of error is overruled.

*Third Assignment of Error*

{¶15} Adams next argues that the trial court erred by allowing June to offer testimony that conflicts with his allegations.

Legal Standard

{¶16} Since witnesses appear before the trial court, the trial judge is "able to view the witnesses and observe their demeanor, gestures and voice inflections." *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276 (1984). Because witnesses do not appear before the court of appeals, the trial court is better able to determine which witnesses and what parts of their testimony are credible. *Id.* For this reason, if witnesses give conflicting testimony, the trial court determines which testimony to believe. *State v. Lawson*, 3d Dist. Union No. 14-06-13, 2006-Ohio-5160, ¶ 24. Once the trial court has made this determination,

---

[1] Even if no trial transcript was available to be filed with this Court, we also note that Adams still did not follow the procedures for such situations as provided in Appellate Rules 9(C) and 9(D). App.R. 9(C), (D). *See State v. Clark*, 3d Dist. Wyandot No. 16-88-2, 1990 WL 7951, *1 (Jan. 19, 1990).

a court of appeals is not to "substitute its own judgment for that of the [trial court]." *Id.*

Legal Analysis

{¶17} In her counterclaim, June asserted that Adams hired her son to work for him. Doc. 4. However, since we do not have a trial transcript, we cannot determine whether June testified at trial that her son worked for Adams or whether Adams gave conflicting testimony at trial regarding this alleged fact. *See* App.R. 9(B). We also cannot determine from the judgment entry whether the trial court based its final decision, in any way, on the allegation that Adams hired June's son. Doc. 9.

{¶18} However, even if we could verify from a trial transcript that there was conflicting testimony as to this fact *and* that the trial court's final decision in this case was based on June's testimony on this matter, this argument would still not provide us with any legal grounds to reverse the judgment of the trial court. "The vast majority of cases * * * involve * * * conflicting testimony * * *." *Tisdale v. A-Tech Automotives Mobile Serv.*, 8th Dist. Cuyahoga No. 94308, 2010-Ohio-5244, ¶ 9. "The mere fact that there is conflicting testimony between the parties does not nullify the trial court's decision." *Id.*

{¶19} Further, when witnesses offer conflicting testimony, a court of appeals is to defer to the trial court's decision regarding which witness is to be believed. *Mercer Sav. Bank v. Sheeley*, 3d Dist. Mercer No. 10-89-6, 1990 WL 167410, *1

(Oct. 26, 1990). For this reason, even if we had a copy of the trial transcript, this court of appeals would not be in a position to find that Adams's testimony was more credible on this matter. *Lawson, supra,* at ¶ 24. Since Adams has not identified a legal basis for us to reverse the judgment of the trial court in this argument, the third assignment of error is overruled.

*Fourth Assignment of Error*

**{¶20}** Adams argues that the trial court erred by deciding not to award him the amount of money that he is allegedly owed.

Legal Standard

**{¶21}** Appellate Rule 16 provides the rules for briefs that are filed with a court of appeals. App.R. 16. Under this rule, an appellant's brief must include:

> **An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. * * *.**

App.R. 16(A)(7). The "failure to cite any legal authority to support * * * arguments that the trial court erred in some capacity renders [an] assignment of error a nullity * * *." (Emphasis removed.) *State v. Moore*, 3d Dist. Henry No. 7-19-01, 2019-Ohio-2633, ¶ 12, citing App.R. 12(A)(2).

Legal Analysis

**{¶22}** While we are sympathetic to Adams's claims, a court of appeals must have a legal basis to reverse a trial court's judgment. *See Criblez v. Miller*, 11th

Dist. Portage No. 1771, 1988 WL 37141, *1 (Mar. 31, 1988) (overruling an appellant's argument because it offered no "legal basis upon which to reverse the trial court's decision."). In this assignment of error, Adams has alleged that the trial court erred by failing to award him the funds he is allegedly owed. However, he has not advanced any arguments or pointed to any legal authorities that would support this assertion. *See Mousa v. Saad*, 2017-Ohio-7116, 95 N.E.3d 941, ¶ 46 (3d Dist.), citing App.R. 12(A) and App.R. 16(A)(7).

{¶23} On appeal, the appellant has the burden of proving that the trial court committed an error. *Knapp, supra*, at 199. An appellant cannot prevail by merely claiming that the trial court erred. *In re B.P., supra*, at ¶ 10. Rather, the appellant must cite to relevant legal authorities that "demonstrate error on the part of the trial court." *Board of Trustees, Sugar Creek Tp. v. Crawford*, 3d Dist. Allen No. 1-01-130, 2002 WL 732129, *3 (Apr. 19, 2002), citing App.R. 16(A)(7). Since Adams has not identified a legal basis for this court of appeals to reverse the trial court's judgment in this argument, the fourth assignment of error is overruled.

*Conclusion*

{¶24} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Small Claims Division of the Putnam County Municipal Court is affirmed.

***Judgment Affirmed***

**SHAW and ZIMMERMAN J.J., concur.**