[Cite as *State v. Topp*, 2025-Ohio-2388.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

BRIAN E. TOPP,

    DEFENDANT-APPELLANT.

CASE NO. 7-24-11

OPINION AND
JUDGMENT ENTRY

Appeal from Henry County Common Pleas Court
Trial Court No. 24 CR 0008

Judgment Reversed and Cause Remanded

Date of Decision: July 7, 2025

APPEARANCES:

    *Andrew R. Mayle* and *Nichole Papageorgiou* for Appellant

    *Gwen Howe-Gebers* for Appellee

**WALDICK, P.J.**

{¶1} Defendant-appellant, Brian Topp ("Topp"), appeals the September 23, 2024 judgment of conviction and sentence entered against him in the Henry County Court of Common Pleas, following a jury trial in which Topp was found guilty of Grand Theft. For the reasons set forth below, we reverse.

*Procedural History*

{¶2} This case originated on January 31, 2024, when a Henry County grand jury returned a single-count indictment charging Topp with Grand Theft, a felony of the fourth degree in violation of R.C. 2913.02(A)(2) and (B)(2).

{¶3} On February 21, 2024, an arraignment was held and Topp entered a plea of not guilty to the indictment.

{¶4} On August 20, 2024, a jury trial commenced in the case. During the course of the two-day trial, the prosecution presented the testimony of 10 witnesses and introduced a number of exhibits. At the close of the state's case, the prosecution moved to amend the indictment with regard to the alleged victims specified therein. The defense did not oppose the requested amendment, and the trial court granted the state's motion. The defense then presented the testimony of one witness before resting its case.

**{¶5}** On August 21, 2024, at 6:53 p.m., the jury returned a verdict finding Topp guilty as charged in the amended indictment. The trial court accepted the verdict, discharged the jury, and ordered a presentence investigation.

**{¶6}** On September 23, 2024, a sentencing hearing was held and Topp was sentenced to a two-year term of community control.

**{¶7}** On October 2, 2024, Topp filed the instant appeal.

*Summary of Trial Proceedings*

**{¶8}** The single-count indictment filed in this case on January 31, 2024 alleged in relevant part as follows:

> BRIAN E. TOPP, on or about January 1, 2023 through December 31, 2023, at the county of Henry aforesaid, did with purpose to deprive the owner, John Doe & John Doe, DBA Brick n Brew &/or Property Prepers, of property or services, to wit: Money & Services, knowingly obtain or exert control over either the property or services beyond the scope of the express or implied consent of the owner or person authorized to give consent in violation of Ohio Revised Code §2913.02(A)(2), 2913.02(B)(2), **Grand Theft**, F4.
>
> FURTHERMORE, the property or services stolen is valued at seven thousand five hundred dollars or more and less than one hundred fifty thousand dollars.

(Docket No. 1).

**{¶9}** At trial, the prosecution's theory of the case was that Topp was a member of two limited liability companies, Property Prepers, LLC and Brick N Brew, LLC, in which two other men – Ashley Kruse and Clayton Klausing – were also members. The companies were formed in 2019 and 2020, respectively, after the three men decided to purchase and renovate a building in downtown Napoleon,

-3-

Ohio, with the goal of opening and operating a restaurant and bar called Brick N Brew in the building, all of which they then did over a period of time, beginning in late 2019.

{¶10} The state introduced evidence at trial from Kruse and Klausing that the three owners of the businesses each contributed startup money towards the venture and, further, that they all agreed none of them would receive any money back from the business until an undetermined future date, well after Brick N Brew opened for business and had built up sufficient capital.

{¶11} Once Brick N Brew was ready to open, or shortly thereafter, Micah Behnfeldt was hired as a general manager to run the restaurant and bar. After Behnfeldt worked there for a period of time, he began noticing that the average balance in the business's bank account always seemed much lower than it should be, based on the business's sales and expenses. Upon Kruse and Klausing reviewing their business bank records for 2023, it was found that Topp had made numerous withdrawals from the business bank accounts, and the withdrawn funds were then deposited into Topp's own personal bank account or used to directly pay his personal expenses, including such things as car and mortgage payments, insurance, child support, and utilities.

{¶12} After a police report was made and an investigation was conducted by Detective James Augustine of the Napoleon Police Department, it was determined that Topp had converted $13,344.48 in funds from the Property Prepers bank

account and $31,534.71 from the Brick N Brew bank account. Augustine interviewed Topp, who acknowledged withdrawing funds from the business accounts for his personal use, but claimed he was entitled to do so. However, the evidence adduced through the testimony of Kruse and Klausing at trial established that the three members of the two business entities had never voted or otherwise agreed that Topp was permitted to receive disbursements or make withdrawals from the business accounts for his personal use.

{¶13} At trial, after the prosecution rested its case, the trial court and counsel conducted a review and discussion of potential jury instructions, outside the presence of the jury. At that time, the state moved to amend the portion of the indictment in which the victims were specified. The defense noted no objection to the amendment, and the same was then granted by the trial court. The amendment served to change the "John Doe and John Doe" alleged as victims in the original indictment to the names of Clayton Klausing and Ashley Kruse, and further removed the "DBA" ("doing business as") in the original indictment.

Once amended, the indictment alleged as follows:

BRIAN E. TOPP, on or about January 1, 2023 through December 31, 2023, at the county of Henry aforesaid, did with purpose to deprive the owner, Clayton Klausing, Ashley Kruse, Brick n Brew &/or Property Prepers, of property or services, to wit: Money and Services, knowingly obtain or exert control over either the property or services beyond the scope of the express or implied consent of the owner or person authorized to give consent in violation of Ohio Revised Code §2913.02(A)(2), 2913.02(B)(2), **Grand Theft**, F4.

FURTHERMORE, the property or services stolen is valued at seven thousand five hundred dollars or more and less than one hundred fifty thousand dollars.

{¶14} Additionally, while the indictment charged a theft of property valued at $7500.00 or more, known as "Grand Theft" pursuant to R.C. 2913.02(B)(2), the state's evidence at trial established that no individual misappropriation of funds made by Topp was in an amount equal to or over $7500.00. The trial court therefore determined that, because the prosecution was apparently relying on an aggregate value of $7500.00 or more, a jury instruction should be given based on R.C. 2913.61, which sets forth circumstances under which the value of property or services involved in a series of theft offenses must be or may be aggregated for purposes of determining the value-based degree of felony involved.

{¶15} Following some discussion with counsel on the R.C. 2913.61 aggregation issue, the trial court ultimately gave the following instruction to the jury as part of the general charge:

> Count One. The Defendant, Brian E. Topp, is charged with Theft. Before you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about January 1, 2023 through December 31, 2023 and in Henry County, Ohio, the Defendant, with purpose to deprive the owners Clayton Klausing, Ashley Kruse, and Brick N Brew &/or Property Prepers of money, [*sic*] knowingly obtain or exert control over the money beyond the scope of the expressed or implied consent of Clayton Klausing, Ashley Kruse, and Brick N Brew &/or Property Prepers or person authorized to give consent.
>
> * * *
>
> If your verdict is guilty, you will find beyond a reasonable doubt the value of the money stolen at the time of the offense and report your

finding in your verdict. It is not necessary to find and return the exact value, and it is sufficient that the finding of the value of the money is expressed as a monetary range set out in the accompanying verdict form. If your verdict is not guilty, you will not decide any values. If you find beyond a reasonable doubt that the Defendant committed a series of theft offenses involving a common course of conduct to defraud multiple victims, the value of the money involved for the purpose of determining value is the aggregate value of all money involved in the series of offenses. It is not necessary to allege and prove each offense in the series. Rather, it is sufficient to allege and prove that the Defendant, within a given span of time, committed one or more theft offenses that involved a common course of conduct to defraud multiple victims.

(Tr., 193-195).

{¶16} Subsequently, when the jury returned a verdict of guilty following its deliberations, the verdict form reflected that, having found the defendant guilty of theft, the jury further made the finding beyond a reasonable doubt that the value of the money stolen was $7500.00 or more but less than $150,000.00, as alleged in the indictment.

*Assignments of Error on Appeal*

{¶17} On appeal, Topp raises two assignments of error for this Court's review.

**First Assignment of Error**

**Appellant Brian Topp's fourth-degree felony theft conviction is erroneous as a matter of law on insufficiency grounds because the state failed to prove the essential element of "a common course of conduct to *defraud* multiple victims."**

**Second Assignment of Error**

**Topp's conviction is also erroneous because the indictment fails to even *allege* "a common course of conduct to defraud multiple victims." This infected the entire case and caused cascading problems – such as an invalid expansion of the scope of the indictment, incomplete jury instructions, and ineffective assistance of counsel – that, individually or cumulatively, plainly require reversal.**

{¶18} In this case, because the sufficiency of the indictment is a preliminary matter to be resolved prior to a consideration of the sufficiency of the evidence presented at trial, we shall first consider Topp's claim regarding the lack of notice provided by the indictment that is raised in the second assignment of error.

*Second Assignment of Error*

{¶19} In the second assignment of error, Topp argues that the language of the indictment was insufficient to permit the aggregation of multiple theft offenses into a single-count indictment for purposes of establishing the value of the funds stolen. Topp asserts that he should not have been convicted of Grand Theft equal to or over $7500.00, a fourth-degree felony, because each individual theft was less than $7500.00 and because the indictment was not sufficient to permit the prosecution to aggregate the individual theft offenses into a single count for purposes of establishing that $7500.00 or more was stolen by Topp. Upon review, this Court finds that Topp's contention has merit.[1]

---

[1] Topp also argues in the second assignment of error that the jury instructions relating to the aggregation issue were flawed and amounted to plain error and, further, that he was deprived the effective assistance of counsel. However, our resolution of Topp's initial claim in this assignment of error renders it unnecessary for this Court to address those second and third arguments.

**{¶20}** Turning our attention first to the indictment itself, the adequacy of an indictment is a question of law, which we review de novo. *State v. Mason*, 2016-Ohio-8400, ¶ 17 (3d Dist.), citing *State v. Hernon*, 2000 WL 14009, *2 (9th Dist. Dec. 29, 1999).

**{¶21}** A criminal indictment serves several purposes, one of which is that, by compelling the government to aver all material facts amounting to the essential elements of an offense, an indictment affords a defendant with notice of the charges against him and the opportunity to defend himself. *State v. Childs*, 88 Ohio St.3d 194, 198 (2000), citing *State v. Sellards*, 17 Ohio St.3d 169, 170 (1985). In general, an indictment is sufficient if it recites the language of the applicable criminal statute and also states the numerical designation of the statute that the defendant is alleged to have violated. *State v. Reinhart*, 2007-Ohio-2284, ¶ 14 (3d Dist.), citing *State v. Siferd*, 2002-Ohio-6801, ¶ 22 (3d Dist.).

**{¶22}** "Furthermore, a defendant is entitled to a bill of particulars when the indictment fails to fully inform him of the offense with which he is charged." *State v. Crish*, 2008-Ohio-5196 ¶ 17 (3d Dist.), citing *State v. Brown*, 90 Ohio App.3d 674, 681 (1993). "'[T]he purpose of a bill of particulars is not to provide the defendant with specifications of the evidence or to serve as a substitute for discovery; rather, the purpose of a bill of particulars is to "elucidate or particularize the conduct of the accused."'" *Crish*, at ¶ 17, citing *State v. Latorres,* 2001 WL

901045 (11th Dist. Aug. 10, 2001), quoting *State v. Lawrinson,* 49 Ohio St.3d 238, 239 (1990).

{**¶23**} Regarding the crime charged in the instant case, R.C. 2913.02 defines the offense of Theft, and provides in relevant part:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

(3) By deception;

(4) By threat;

(5) By intimidation.

(B)(1) Whoever violates this section is guilty of theft.

(2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), (8), or (9) of this section, a violation of this section is misdemeanor theft, a misdemeanor of the first degree. If the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree. If the value of the property or services stolen is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars, a violation of this section is grand theft, a felony of the fourth degree. * * *

{**¶24**} Pursuant to R.C. 2913.61(A), "[w]hen a person is charged with a theft offense, * * * the jury or court trying the accused shall determine the value of the

property or services as of the time of the offense and, if a guilty verdict is returned, shall return the finding of value as part of the verdict."

**{¶25}** Thus, under Ohio law, the value of the property or services involved in a theft offense is one factor dictating what degree of crime any particular theft offense may be. When the range of value involved in a theft offense serves to raise the degree of a theft offense, that fact becomes an essential element of the offense. *See State v. Allen*, 29 Ohio St.3d 53, 54 (1987). Pursuant to R.C. 2945.75, when the value alleged to be involved in a theft offense is a degree-enhancing element of the offense, the indictment must state the degree of the offense which the accused is alleged to have committed, or must allege that additional element. Additionally, when elemental, the value alleged to be involved in a theft offense must be proven beyond a reasonable doubt, just as with any other element of a criminal offense. *See State v. Henderson*, 58 Ohio St.2d 171, 173 (1979).

**{¶26}** In the case before us, as previously noted, the indictment charged Topp with one count of Grand Theft in an amount equal to or exceeding $7500.00, but less than $150,000.00, which is a felony of the fourth degree pursuant to R.C. 2913.02(B)(2), *supra*. That indictment was valid on its face, as the allegations contained in the indictment do constitute an offense under Ohio law. *See State v. Robertson*, 2015-Ohio-1758, ¶ 16 (3d Dist).

**{¶27}** However, our analysis does not end there, as Topp's argument on appeal focuses not on the facial sufficiency of the indictment in charging a fourth-

degree felony theft offense but, rather, whether the indictment sufficiently charged that level of theft offense when the threshold value at issue, $7500.00, was to be proven solely through aggregating the individual values involved in a series of lesser-value theft offenses, as opposed to proving a single theft offense of $7500.00 or more, which is what the indictment – without more – alleges.

{¶28} In that regard, R.C. 2913.61 sets forth circumstances under which the value of property or services involved in a series of theft offenses must be or may be aggregated for purposes of determining the value-based degree of felony involved.

R.C. 2913.61 provides in relevant part as follows:

(B) If more than one item of property or services is involved in a theft offense or in a violation of division (A)(1) of section 1716.14 of the Revised Code involving a victim who is an elderly person or disabled adult, the value of the property or services involved for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property or services involved in the offense.

(C)(1) When a series of offenses under section 2913.02 of the Revised Code, or a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of division (A)(1) of section 1716.14, section 2913.02, 2913.03, or 2913.04, division (B)(1) or (2) of section 2913.21, or section 2913.31 or 2913.43 of the Revised Code involving a victim who is an elderly person or disabled adult, is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses shall be tried as a single offense. When a series of offenses under section 2913.02 of the Revised Code, or a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of section 2913.02 or 2913.43 of the Revised Code involving a victim who is an active duty service member or spouse of an active duty service member is committed by the offender

-12-

in the offender's same employment, capacity, or relationship to another, all of those offenses shall be tried as a single offense. The value of the property or services involved in the series of offenses for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all offenses in the series.

(2) If an offender commits a series of offenses under section 2913.02 of the Revised Code that involves a common course of conduct to defraud multiple victims, all of the offenses may be tried as a single offense. If an offender is being tried for the commission of a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of division (A)(1) of section 1716.14, section 2913.02, 2913.03, or 2913.04, division (B)(1) or (2) of section 2913.21, or section 2913.31 or 2913.43 of the Revised Code, whether committed against one victim or more than one victim, involving a victim who is an elderly person or disabled adult, pursuant to a scheme or course of conduct, all of those offenses may be tried as a single offense. If an offender is being tried for the commission of a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of section 2913.02 or 2913.43 of the Revised Code, whether committed against one victim or more than one victim, involving a victim who is an active duty service member or spouse of an active duty service member pursuant to a scheme or course of conduct, all of those offenses may be tried as a single offense. If the offenses are tried as a single offense, the value of the property or services involved for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all of the offenses in the course of conduct.

(3) When a series of two or more offenses under section 2913.40, 2913.48, or 2921.41 of the Revised Code is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses may be tried as a single offense. If the offenses are tried as a single offense, the value of the property or services involved for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all of the offenses in the series of two or more offenses.

(4) In prosecuting a single offense under division (C)(1), (2), or (3) of this section, it is not necessary to separately allege and prove each offense in the series. Rather, it is sufficient to allege and prove that the offender, within a given span of time, committed one or more theft offenses or violations of section 2913.40, 2913.48, or 2921.41 of the Revised Code in the offender's same employment, capacity, or relationship to another as described in division (C)(1) or (3) of this section, or committed one or more theft offenses that involve a common course of conduct to defraud multiple victims or a scheme or course of conduct as described in division (C)(2) of this section. While it is not necessary to separately allege and prove each offense in the series in order to prosecute a single offense under division (C)(1), (2), or (3) of this section, it remains necessary in prosecuting them as a single offense to prove the aggregate value of the property or services in order to meet the requisite statutory offense level sought by the prosecution.

{¶29} In this case, the state used the applicable language from R.C. 2913.02 to charge Topp with Theft, and the indictment further notified Topp that the crime he allegedly committed was Grand Theft, a fourth-degree felony, based on the allegation that the value involved was $7500.00 or more, but less than $150,000.00. However, what the indictment did not do, pursuant to R.C. 2913.61(C)(4), was allege that Topp had committed one or more theft offenses that involve a common course of conduct to defraud multiple victims or a scheme or course of conduct as described in division (C)(2) of R.C. 2913.61, which is the only subsection of R.C. 2913.61 potentially applicable to the facts of this case in which there were multiple victims, being the two limited liability companies, neither of which was in one of the protected classes mentioned elsewhere in R.C. 2913.61.[2]

---

[2] In the instant case, the State of Ohio asserts on appeal that a series of theft offenses committed by Topp were permissibly aggregated in this case under R.C. 2913.61(C)(1). However, as this Court discussed in

-14-

Moreover, a review of the record reflects that no such allegation was made by the state at any other point in the trial court proceedings, such as in a bill of particulars or other filing designed to put the defendant on notice of the specific facts constituting or justifying the offense with which he was charged.

{¶30} Because the state in this case could aggregate the value of the funds stolen on each individual occasion only if, pursuant to R.C. 2913.61(C)(2), those funds were taken during a common course of conduct to defraud multiple victims, and because R.C. 2913.61(C)(4) specifically provides that the State must both allege and prove the same when aggregating a series of theft offenses pursuant to that statute, we conclude that the prosecution's failure to so allege at any point in the trial court proceedings was a fatal flaw in this case and that Topp's conviction for a Grand Theft, a felony of the fourth degree, must be reversed.

{¶31} In reaching this conclusion, we note that R.C. 2913.61(C)(4) does not expressly provide that the state must allege the relevant facts permitting offense and value aggregation in the indictment itself, and caselaw interpreting the allegation required by R.C. 2913.61(C)(4) is scarce. Nevertheless, in *State v. Balo*, 2011-Ohio-3341 (3d Dist.), this Court reviewed the sufficiency of an indictment in which

---

*State v. Bonanno*, 1999 WL 446439 (3d Dist. Jun. 24, 1999), the plain language of R.C. 2913.61(C)(1) provides that, for that subsection to be applicable, "the offender must have committed a series of theft offenses in his same capacity *to another*." (Emphasis in original.) *Id*., at \*4. "Clearly, the phrase 'to another' connotes that the offender must have stolen from the *same person or entity* while working in his same capacity", and contemplates application in cases involving "just one victim." (Emphasis in original.) *Id*. Moreover, the state's reliance on R.C. 2913.61(C)(1), even if it was not misplaced in this case, fails to resolve the issues raised by Topp relating to the indictment..

-15-

a series of theft offenses were aggregated into a single count pursuant to R.C. 2913.61(C)(1). While not involving the subsection of R.C. 2913.61 at issue in this case, the indictment in *Balo* was similarly based on an aggregation theory pursuant to R.C. 2913.61. In that case, this Court found the indictment to be sufficient on the basis that it set forth the elements of the crime of Theft at issue *and* that the indictment alleged that the series of theft offenses had been committed in the offender's same employment, capacity, or relationship to another, as set forth in R.C. 2913.61(C)(1). *Id.*, at ¶¶ 38-41. However, we note that in *State v. Crish*, 2008-Ohio-5196 (3d Dist.), where the defendant-appellant also challenged the manner in which a series of theft offenses was indicted, this Court suggested that factual allegations set forth in the bill of particulars could also be sufficient to support the aggregation of separate acts of theft into a single count for purposes of reaching the value level alleged in the indictment.

{¶32} In light of this Court's decision in *Balo*, *supra*, and pursuant to the language of R.C. 2913.61(C)(4) clearly requiring that the state allege the precise basis of an aggregation theory, and also based upon the general legal principles relating to the notice required of an indictment specifying the charge faced by a defendant in a criminal case, we find that the indictment in this case was insufficient to permit the prosecution to aggregate a series of theft offenses into a single offense pursuant to R.C. 2913.61(C)(2) for purposes of proving value. Furthermore, assuming arguendo that the indictment itself was sufficient, we also find that the

state's failure to allege at any time, in any way, the basis upon which it ultimately attempted at trial to aggregate a series of theft offenses into one offense was insufficient compliance with R.C. 2913.61(C)(4).

{¶33} In sum, as Topp was not provided with any notice as required by R.C. 2913.61(C)(4) that the prosecution intended to aggregate multiple theft offenses into a single count for purposes of establishing the value alleged in the indictment, the prosecution acted without legal authority in trying the offenses as a single offense and in aggregating the value of the funds stolen. For this reason, we hold that reversal of Topp's conviction as it relates to the aggregated value of the individual theft offenses at issue is required.

{¶34} It should be noted that this reversal relates solely to the alleged minimum $7500.00 value at issue, which was an element of the fourth-degree felony offense charged in the indictment. However, because the indictment was valid on its face and because the jury, separate from its finding relating to value, found beyond a reasonable doubt that Topp was guilty of Theft, this case must be remanded to the trial court so that a judgment of conviction for Theft, a misdemeanor of the first degree, can be entered against Topp.

{¶35} The second assignment of error is sustained.

*First Assignment of Error*

**{¶36}** In the first assignment of error, Topp asserts that the evidence presented at trial was insufficient to support his conviction for Grand Theft, specifically as to whether he committed a series of theft offenses involving "a common course of conduct to defraud multiple victims", as set forth in R.C. 2913.61(C)(2), and upon which the prosecution ultimately relied at trial in aggregating multiple theft offenses into a single-count indictment in order to meet the $7500 threshold for a fourth-degree felony.

**{¶37}** However, the resolution of Topp's second assignment of error renders moot the claim raised in this assignment of error. For this reason, we decline to address this assignment of error pursuant to App.R. 12(A)(1)(c).

*Conclusion*

**{¶38}** Having found error prejudicial to the defendant-appellant in the second assignment of error raised herein, we reverse the September 23, 2024 judgment of the Henry County Court of Common Pleas, and remand the case for the trial court to enter a judgment convicting Thomas on the lowest level of Theft as defined in R.C. 2913.02, being a first-degree misdemeanor, and to impose sentence accordingly.

***Judgment Reversed,***
***and Cause Remanded***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

Case No. 7-24-11

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the second assignment of error is sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Juergen A. Waldick, Judge

William R. Zimmerman, Judge

John R. Willamowski, Judge

DATED:
/jlm

-19-